270 F.2d 232
 Robert A. McLARTY, LaVerne McLarty, Julian Monti, Cornelia
Monti and Jesse W. Alden, Appellants,
v.
BOROUGH OF RAMSEY, William F. Halsted and the Mayor and
Council of the Borough of Ramsey.
Maria C.J. VELING and Alicia I. Meng, Appellants,
v.
BOROUGH OF RAMSEY, William F. Halsted and the Mayor and
Council of the Borough of Ramsey.
 Nos. 12877, 12899.
 United States Court of Appeals Third Circuit.
 Argued June 11, 1959.
Decided Sept. 17, 1959, Rehearing Denied Oct. 29, 1959.
 
 Robert A. McLarty, New York City (Emory, Langan, Lamb & Blake, Jersey City, N.J., Morris N. Scharf, Ramsey, N.J., James J. Langan, Jersey City, N.J., on the brief), for appellants.
 James M. Muth, Ramsey, N.J., for appellee.
 Before BIGGS, Chief Judge, and McLAUGHLIN and STALEY, Circuit Judges.
 STALEY, Circuit Judge.
 
 
 1
 Was it error for the district court to decline to adjudicate by a declaratory judgment the constitutional validity of a municipal zoning ordinance?
 
 
 2
 The two cases here involved were consolidated by the district court inasmuch as they presented common questions of law, and were briefed and argued together on appeal. In each of these cases the plaintiffs seek a declaration that a zoning ordinance of the Borough of Ramsey, New Jersey, is unreasonable and therefore unconstitutional in that the ordinance so locates the position of the zone boundary line as to render commercial use of the property impracticable, because of insufficiency of lot dimensions, compliance with set-back and off-street parking requirements applicable to lands in the zone. Additionally, plaintiffs seek injunctions enjoining enforcement of the ordinance as to plaintiffs' properties.
 
 
 3
 The facts, as stated in the complaints in the cases, may be summarized as follows: Plaintiffs own property fronting on Franklin Turnpike in Ramsey, New Jersey. The properties, with the sole exception of the Monti property, are presently utilized as residences. The Monti property, consisting of 14.9 acres, is used as a hotel-restaurant-bar. The zoning ordinance of the Borough of Ramsey, adopted in 1936 and subsequently amended, provided for a 'C-2 commercial district for a depth of 150 feet on both sides of Franklin Turnpike. Each of the plaintiffs own lots substantially deeper than the 150-foot limitation (125 feet from the street line). The remaining portions of the plaintiffs' properties, which comprise over 80 per cent of their areas, lie within an adjoining residential district. Other provisions of the ordinance require a set-back of 35 feet in a C-2 district, as well as a rear yard of 25 feet. Provisions requiring nonresidential off-street parking may further limit the depth of a commercial building to less than the 65 feet that remain. It is the combination of a shallow commercial district, set-back limitation, rear yard requirement, and off-street parking that plaintiffs contend unreasonably deprives them of the availability of their properties for the commercial uses permitted in a C-2 zone. Although the ordinance provides for a Board of Adjustment, given express powers and those conferred by the statutes of New Jersey, plaintiffs conceded that no application for a building permit had been made and that no action had been instituted before the Board of Adjustment.
 
 
 4
 Plaintiffs sought declaratory judgments in the district court that the ordinance is unreasonable and therefore unconstitutional under Section 1 of the 14th Amendment to the United States Constitution, as well as injunctions enjoining enforcement of the regulatory provisions of the ordinance. Upon cross motions for summary judgment in the McLarty case, the district court dismissed counts 1 and 2 of the complaint for lack of jurisdiction.[1] Similarly, the complaint in the Veling case was dismissed.
 
 
 5
 On appeal issue has initially been drawn on the question of mootness, for, following the decisions in the district court, an amending ordinance was passed by the Council of the Borough of Ramsey changing the former C-2 classification along Franklin Turnpike to 'A' residential, conforming to the adjacent district. Plaintiffs conceded that an amendment was introduced on March 10, 1959, passed final reading on March 24, 1959, and that a copy of the amending ordinance is included in defendants' beief. Apparently disregarding this concession, plaintiffs go on to contend that there has been no proper proof of its authenticity, its enactment in a lawful manner, nor of its validity. Its authenticity and enactment, however, have been conceded, as already noted. There is equally no difficulty as to the contention regarding validity. As we have occasion to say in Kroeger v. Stahl, 3 Cir., 1957, 248 F.2d 121, 123, 'All presumptions are indulged in favor of the validity and reasonableness of a zoning ordinance if it is within the legislative power of the municipality.' That suit has been brought in the District Court for the District of New Jersey attacking the constitutional validity of the amending ordinance does not alter the principle, for until a determination of invalidity the presumption is in force.
 
 
 6
 In the face of this amended ordinance which clearly covers the subject of these appeals, defendants urge that the cases have become moot and that we are being asked for advisory opinions. It is asserted that if, subsequent to the judgment and before the decision of the appellate court, a law intervenes and positively changes the rules which govern, the law must be obeyed. The plaintiffs recognize that this is a fair statement of the general law but contend that their research has failed to uncover any federal case in which the principle has been applied to municipal ordinances. The principle, however, is well established and has impressive support. In Ziffrin, Inc. v. United States, 1943, 318 U.S. 73, 78, 63 S.Ct. 465, 469, 87 L.Ed. 621, it was stated that 'A change in the law between a nisi prius and an appellate decision requires the appellate court to apply the changed law.' Logic compels that we apply this broad, all-inclusive language to ordinances as well as statutes, for otherwise we would be rendering advisory opinions, something we are forbidden to do.
 
 
 7
 Although the appeals are clearly moot, our affirmance of the dismissals could be equally as well bottomed upon the fact that plaintiffs have failed to exhaust their administrative remedies prior to resorting to the district court. We think it appropriate to discuss this question at this time. See Southwestern Sugar & Molasses Co. v. River Terminals Corp., 1959, 360 U.S. 411, 79 S.Ct. 1210, 3 L.Ed.2d 1334. The zoning ordinance provided for a Board of Adjustment. Plaintiffs never applied for a variance or exception to any of the zoning provisions, nor did they request a recommendation from the Board to the Mayor and Council to grant a variance. In fact, plaintiffs made no application for permits to use their properties in any particular manner or for any particular use. The reasons given in Baron v. O'Sullivan, 3 Cir., 1958, 258 F.2d 336 for adherence to the procedure requiring exhaustion of administrative remedies are equally applicable to the instant cases. Not only should courts hesitate to interfere with state legislative processes, but inasmuch as the Board of Adjustment has power to grant a variance and has not even been approached, the issue at best is not ripe for decision. We are not convinced, nor was the district court, that resort to the Board would be unavailing, for commercial uses in this district were authorized and only a slight variance was required to make any project commercially feasible. New Jersey statutes give the Board of Adjustment authority to grant a variance where 'the strict application of any regulation enacted under the act' would result in a hardship to the property owner, N.J.S.A. 40:55-39, subd. c, or recommend to the municipal governing body a variance to allow a structure or use in a zone which prohibits such structure or use 'in particular cases and for special reasons,' N.J.S.A. 40:55-39, subd. d. Further, recourse to the state courts is possible under the present New Jersey equivalents of the former writs of certiorari and mandamus to correct any impropriety in the action or inaction of either of the statutory bodies, i.e., the Board of Adjustment or the municipal governing body. New Jersey Civil Practice Rule 4:88. See Tomko v. Vissers, 1956, 21 N.J. 226, 121 A.2d 502; Kotlarich v. Mayor and Council of Borough of Ramsey, App.Div.1958, 51 N.J.Super. 520, 144 A.2d 279.
 
 
 8
 Finally, the trial court adverted to the principle of abstention in concluding to dismiss these cases. There are clear remedies in the state courts which would provide for review of the constitutionality of this zoning ordinance, Fischer v. Bedminster Twp., 1952, 11 N.J. 194, 93 A.2d 378, and the state courts should be the ones to initially interpret their own statutes. In any event, the district court did not abuse its discretion in declining to adjudicate these cases. Martin v. Creasy, 1959, 360 U.S. 219, 79 S.Ct. 1034, 3 L.Ed.2d 1186.[2]
 
 
 9
 The judgments will be affirmed.
 
 
 
 [1]
 Counts 3, 4 and 5 had been voluntarily dismissed by the plaintiffs
 
 
 [2]
 Plaintiffs assert that dismissal of the instant cases indicates that the abstention principle is inapplicable; however, that is the very result reached in Martin v. Creasy, supra