**STATE of Alabama ex rel. William J. BAXLEY et al., Plaintiffs,**

v.

**UNITED STATES LABOR DEPARTMENT, and Raymond Marshall, as Secretary of the United States Labor Department, Defendants.**

Civ. A. No. 78–162–N.

United States District Court, D. Alabama, N. D.

Jan. 2, 1979.

William J. Baxley, Atty. Gen. and John N. Pappanastos, Special Asst. Atty. Gen., Montgomery, Ala., for plaintiffs.

Barry E. Teague, U. S. Atty. and Kenneth E. Vines, Asst. U. S. Atty., M. D. Alabama, Montgomery, Ala. and Harry Scheinfeld, U. S. Dept. of Labor, Washington, D. C., for defendants.

MEMORANDUM OPINION

JOHNSON, Chief Judge.

By this action, plaintiffs seek declaratory and injunctive relief to compel the continued payment from federal funds of employer retirement contributions for participants in the Comprehensive Employment Training Act (CETA). Plaintiffs specifically seek a declaration that the regulation prohibiting such payments from federal funds is arbitrary and capricious and in violation of the Fifth Amendment. 29 C.F.R. § 98.25

(1977). Plaintiffs are the State of Alabama, acting through the Attorney General, William J. Baxley, and the Teachers' Retirement System of Alabama. Defendants are the United States Department of Labor and the Secretary of Labor, Raymond Marshall. The action is now submitted for consideration of defendants' motion to dismiss the complaint as supplemented on November 7, 1978.

Plaintiffs allege that employers participating in the CETA program are required to provide "benefits at the same levels and to the same extent" for CETA employees as for non-subsidized employees. In Alabama, full time employees in public education must enroll in the plaintiff retirement system. *Ala. Code* § 16–25–5(a)–(d) (1975). The law also provides that where employee wages are paid from federal funds, employee benefits must also be so paid. *Ala. Code* § 16–25–21(6)(d) (1975). The original complaint alleges that prior to October 1, 1977, defendants permitted employer contributions to the plaintiff retirement system to be paid from CETA funds. On that date, 29 C.F.R. § 98.25 became effective, prohibiting such payments in the future. On October 27, 1978, however, Congress passed the CETA Amendments of 1978. Section 121(j) of the Amendments authorizes the payment from federal funds "for the duration of participation, for contributions on behalf of participants who are, prior to July 1, 1979, enrolled in retirement plans or systems." Section 122(k) further provides that retirement benefits shall not be required unless funds under the Act are made available to make the contribution. The supplemental complaint alleges that the 1978 Amendments recognize that CETA funds are required to be used for employer contribution payments to retirement systems. It further alleges that the Amendments authorize such disbursements for CETA participants whose enrollment in a retirement plan took place before October 27, 1978. Therefore, plaintiffs demand retroactive payment into the plaintiff retirement system of benefits for all CETA participants who should have been enrolled in that system on, before, or after October 1, 1977, when § 98.25 became effective.

As to plaintiffs' request for prospective relief, the 1978 Amendments moot the controversy. Section 121(j) of the Amendments provides for future payment of employer contributions from CETA funds for all participants enrolled prior to July 1, 1979.[1] That defendants may desire a ruling that § 98.25 is enforceable does not render this action a live controversy. Any enforcement action by defendants is speculative at this stage and is not ripe for adjudication.

As to plaintiffs' request for retroactive relief, the doctrine of sovereign immunity acts as a bar. It is axiomatic that the United States cannot be sued without its consent. *Blaze v. Moon,* 440 F.2d 1348 (5th Cir. 1971). That plaintiffs bring this suit, not against the United States by name but against the Department of Labor and the Secretary of Labor, is not significant. The critical consideration in applying the sovereign immunity doctrine is not the identity of the parties, but the nature of the relief sought. *Penn v. United States,* 350 F.Supp. 752, 754 (M.D.Ala.1972), *aff'd, Penn v. Schlesinger,* 490 F.2d 700 (5th Cir. 1973). The longstanding traditional rule has been that a suit is against the sovereign "if 'the judgment sought would expend itself on the public treasury or domain, or interfere with the public administration,' . . . or if the effect of the judgment would be 'to restrain the government from acting, or to compel it to act.'" *Dugan v. Rank,* 372 U.S. 609, 620, 83 S.Ct. 999, 1006, 10 L.Ed.2d 15 (1963), *quoting, Land v. Dollar,* 330 U.S. 731, 738, 67 S.Ct. 1009, 91 L.Ed. 1209 (1947), and *Larson v. Domestic and Foreign Commerce Corp.,* 337 U.S. 682, 704, 69 S.Ct. 1457, 93 L.Ed. 1628 (1949).

1. Section 122(k) of the Amendments does give defendants the option of eliminating the requirement that retirement benefits be equal for CETA and non-CETA employees and of stopping payment for retirement benefits. This choice would place Alabama employers in the position: (1) of having to violate Alabama law, which requires that retirement contributions for CETA employees be paid out of federal funds, or (2) of having to drop out of the program. Invalidating § 98.25 as requested by plaintiffs would not, however, resolve that dilemma.

In *Larson* and *Dugan,* the Supreme Court recognized an exception to the rule, such that suits against officers of the United States could be maintained where it was alleged that they acted beyond their powers or in reliance on an unconstitutional statute. Just such allegations are made by plaintiffs here. But the Supreme Court held in *Larson* that there is an exception to the exception—that,

> Of course, a suit may fail, as one against the sovereign, even if it is claimed that the officer being sued has acted unconstitutionally or beyond his statutory powers, if the relief requested cannot be granted by merely ordering the cessation of the conduct complained of but will require affirmative action by the sovereign or the disposition of unquestionably sovereign property.

337 U.S. at 692, n. 11, 69 S.Ct. at 1462, n. 11. The courts have concluded that affirmative relief should be granted except where "an intolerable burden on government functions" would result. *Washington v. Udall,* 417 F.2d 1310 (9th Cir. 1969); *accord, Penn v. United States, supra.*

Two recent cases from the Eighth and Ninth Circuits suggest that the relief requested here is just such "an intolerable burden." *De Lao v. Califano,* 560 F.2d 1384 (9th Cir. 1977); *Johnson v. Mathews,* 539 F.2d 1111 (8th Cir. 1977). Plaintiffs in *De Lao* and *Johnson* were persons whose disability benefits were terminated by HEW following a departmental eligibility review but prior to individual hearings. Plaintiffs

sought recovery of the benefits that they would have received between the time payments were terminated and the time when they received a ruling after a hearing. The Court in *De Lao* applied the *Larson-Dugan* exception, but found nevertheless that sovereign immunity barred the suit because "ordering the payment of retroactive benefits from the federal treasury would 'work an intolerable burden' on the government." 560 F.2d at 1391. In *Johnson,* the Court reached the same result, but went further, holding that footnote 11 of *Larson* "precludes retroactive payments from the federal treasury." 539 F.2d at 1124.[2] The same principle applies to plaintiffs' complaint. It must be dismissed because it asserts a claim upon which relief cannot be granted.

An appropriate order will be entered.

---

2. In *Springdale Convalescent Center v. Mathews,* 545 F.2d 943 (5th Cir. 1977), where the plaintiff sought the release of Medicaid monies withheld by HEW, the Court held that "[a]n action to compel a federal officer to distribute an annual appropriation made by Congress . . . is not barred by sovereign immunity." 545 F.2d at 950. A very different set of facts from that here provided the predicate for that conclusion. The plaintiff nursing home sued for funds earmarked for its use but withheld by HEW to recoup alleged overpayments made to the home under the Medicare program. Plaintiff's theory was that the Secretary's regulation prohibiting accelerated depreciation was unconstitutional under the Fifth Amendment insofar as it authorized HEW to *recoup* reimburse-

ment for depreciation charges taken prior to the effective date of the regulation.

Plaintiffs here do not seek to prevent recoupment but to compel payment. In *Richardson v. Belcher,* 404 U.S. 78, 92 S.Ct. 254, 30 L.Ed.2d 231 (1972), however, the Supreme Court stated that the expectation of public benefits does not confer a contractual right to receive the expected amounts. "[T]he analogy . . . between social welfare and 'property' . . . cannot be stretched to impose a constitutional limitation on the power of Congress to make substantive changes in the law of entitlement to public benefits." 404 U.S. at 81, 92 S.Ct. at 257. *See De Rodulfa v. United States,* 149 U.S.App.D.C. 151, 461 F.2d 1240 (1972).