**Clinton H. MITCHELL and Agnes W. Mitchell, Plaintiffs-Appellants,**

v.

**OCCIDENTAL INSURANCE, MEDICARE, Defendant-Appellee.**

No. 78–2602.

United States Court of Appeals, Ninth Circuit.

May 5, 1980.

Rehearing Denied June 4, 1980.

Clinton H. Mitchell, Hemet, Cal., on briefs, for plaintiffs-appellants.

Stephen E. O'Neil, Los Angeles, Cal., on briefs, for defendant-appellee.

Before CHOY and ALARCON, Circuit Judges, and SOLOMON,* District Judge.

PER CURIAM:

Clinton and Agnes Mitchell (Appellants) seek to review benefits paid under Supplemental Medical Insurance Benefits for the Aged Program (Supplemental Benefits). 42 U.S.C. §§ 1395 *et seq.* The district court dismissed their action for lack of subject matter jurisdiction. They appeal. We affirm.

The Mitchells filed this action in Small Claims Court, Mt. San Jacinto Judicial District, County of Riverside, California, to recover $40.00, the amount disallowed by Occidental Life Insurance Company (Occidental) acting in its capacity as a carrier for the Medicare Program. Occidental contracted with the Government to administer benefits and claims for Supplemental Benefits under the Medicare Program. Occidental determined that of $240.75 in claims submitted by the appellants only $188.75 was reasonable and allowable. The program reimburses 80 per cent of reasonable charges; the $40.00 in issue is the difference between the claims submitted and the amounts allowed.

In *Kuenstler v. Occidental Life Insurance Company*, 292 F.Supp. 532 (C.D.Cal.1968), a case involving the same issues, the district court in a well considered opinion held that the action was properly removed from the small claims court, that there was no statutory right to judicial review, that the United States had not waived its sovereign immunity for this kind of claim, and that the court lacked jurisdiction because it was an unconsented action against an agent of the Government.

---

* The Honorable Gus J. Solomon, Senior United States District Judge for the District of Oregon, sitting by designation.

The United States is the real party in interest because any recovery would come from the federal treasury and because Occidental acted on behalf of the Secretary of the Health, Education and Welfare. 42 C.F.R. § 405.670. Appellants have no constitutional right to sue the United States without its consent. *Pine View Gardens, Inc. v. Mutual of Omaha Insurance Co.*, 485 F.2d 1073 (D.C.Cir.1973). They have no statutory right to judicial review unless the amount in controversy is more than one thousand dollars. 42 U.S.C. § 1395ff.

For disputed claims exceeding one hundred dollars, a claimant under Supplemental Benefits is entitled to a hearing before the carrier, 42 U.S.C. § 1395u(b)(3)(C); but where the amount is less than one hundred dollars, a claimant is entitled to notice of the initial determination, opportunity to submit written evidence on issues of law and fact, separate review of the claim by the carrier, and notice of the review determination. 42 C.F.R. §§ 405.801–405.811. In our view these provisions satisfy due process requirements. The one hundred dollar cutoff for a right to a hearing does not violate the Equal Protection Clause because Congress had a rational basis for this limitation. Congress was properly concerned about the large administrative burdens which would result if hearings were required for small Medicare claims. *See*, 118 Cong.Rec. 33992, 92d Cong. (1972).

The district court did not err in not including findings of fact and law in its judgment of dismissal; no findings are necessary in judgments on motions to dismiss. Fed.R.Civ.P. 52.

We have examined the other contentions by appellants who appear pro se, and we find that none of them has merit.

AFFIRMED.