**Ron VANDERBERG, Plaintiff,**

v.

**The Honorable Jimmy CARTER, et al., Defendants.**

**Civ. A. No. C79–2366A.**

United States District Court,
N. D. Georgia,
Atlanta Division.

Sept. 23, 1981.

F. Glenn Moffett, Jr., L. Prentice Eager, III, Atlanta, Ga., for plaintiff.

Nina L. Hunt, Asst. U. S. Atty., Atlanta, Ga., for defendants.

## ORDER

SHOOB, District Judge.

I. *History of this litigation.*

In July 1978 Ms. Vanderberg underwent a surgical procedure known generally as a left subcutaneous mastectomy (a complete removal of the left breast). For this procedure she received CHAMPUS benefit payments covering hospitalization, physician, drug and other related medical expenses.[1] In February 1979 Ms. Vanderberg, through her physician, submitted to the United States Department of Defense's CHAMPUS office a request for preauthorization for payment of medical, hospital and related expenses for breast reconstruction.[2] By letter dated February 14, 1979, CHAMPUS coverage was denied by the CHAMPUS office. Upon request by Ms. Vanderberg, the initial determination was reviewed; by letter of June 8, 1979 CHAMPUS reaffirmed their determination that the procedure requested was not covered by the program.[3]

On December 27, 1979, Ms. Vanderberg filed this lawsuit seeking (1) damages; (2) a declaratory judgment; and (3) injunctive relief. Defendants, with the exception of Patricia R. Harris, who filed an answer to the complaint, moved, on March 5, 1980, to dismiss plaintiffs' Complaint on the following grounds: (1) lack of jurisdiction over the persons of Jimmy Carter, Harold Brown and Theodore Wood in their individual capacities; (2) lack of subject matter jurisdiction; (3) failure to state a claim upon which

1. CHAMPUS stands for Civilian Health and Medical Program of the Uniformed Services. This program was part of the Dependents' Medical Care Act, first enacted in 1956 as Public Law 84–569, 72 Stat. 1445. The program entitled dependents of active duty members of the Uniformed Services to hospitalization in civilian hospitals, in addition to Department of Defense facilities, for treatment of most types of illnesses as well as for surgical procedures. The program was amended in 1966 to expand the beneficiary population entitled to coverage to include Uniformed Services retirees and their dependents and surviving dependents of deceased retired and deceased active duty members.

2. The CHAMPUS program is basically an "at risk" program. That is, with certain exceptions, the beneficiary receives medical care, submits a claim for payment, and the government makes an after-the-fact determination as to coverage of the care under the program. One of the exceptions to this process is cosmetic, reconstructive and/or plastic surgery procedures. For these procedures, no claim can be processed by the CHAMPUS contractor, Mutual of Omaha Insurance Co., who normally reviews and approves claims according to government guidelines, without prior approval by the CHAMPUS office.

3. Subsequent to the filing of this action, Congress enacted legislation, Public Law 96–527 § 743(e), 94 Stat. 3068, providing for CHAMPUS benefits for postmastectomy breast reconstruction procedures.

relief may be granted; (4) insufficiency of process for in personam jurisdiction over Jimmy Carter, Harold Brown, and Theodore Wood; and (5) improper venue.

Plaintiff, on March 26, 1980, moved for the Court to allow the case to be maintained as a class action pursuant to Local Court Rule 221.13 and Rule 23(c)(1) of the Federal Rules of Civil Procedure. On May 2, 1980, plaintiff also moved to strike certain paragraphs of the affidavit of Theodore D. Wood.

The Court, by Order of June 19, 1980, deferred ruling on the above motions until counsel could notify the Court of their decision as to how to proceed. This was prompted by then pending legislation which was to allow for the benefits sought by the plaintiff. A law regarding these benefits was later enacted. See n. 3, supra. However, plaintiff's counsel stated that the new legislation failed to provide the relief plaintiff sought in her complaint. On June 15, 1981 the Court granted a motion for substitution of plaintiff, after her death, by her surviving spouse and executor of her estate, Ron Vanderberg.

II. *Subject matter jurisdiction.*

Plaintiff asserts jurisdiction under the Federal Tort Claims Act 28 U.S.C. §§ 1346(b) and 2674 *et seq.* [hereinafter cited as the Act]. Plaintiff argues that defendants' denial of CHAMPUS benefits for breast reconstruction was a tort against the individual plaintiff's deceased, and all members of the class that plaintiff seeks to represent. The Act waives the Government's sovereign immunity only to the extent that the United States shall be liable in tort in the same manner and to the same extent as a private individual would be. *Id.* at § 2674.

■ It is well established that the "terms of [the Government's] consent to be sued in any court define that court's jurisdiction to entertain the suit." *United States v. Sherwood*, 312 U.S. 584, 586, 61 S.Ct. 767, 769, 85 L.Ed. 1058 (1941); *Minnesota v. United States*, 305 U.S. 382, 387–88, 59 S.Ct. 292, 294, 83 L.Ed. 235 (1939). Before a plaintiff may bring suit against the United States in Federal Court under the Act, he must present his claim to the appropriate Federal agency. 28 U.S.C. § 2675(a). This procedure is jurisdictional and cannot be waived. *Crow v. United States*, 631 F.2d 28, 30 (5th Cir. 1980); *Adams v. United States*, 615 F.2d 284, 286 (5th Cir. 1980); *Mack v. Alexander*, 575 F.2d 488, 489 (5th Cir. 1978); *Ducharme v. Merrill Laboratories*, 574 F.2d 1307, 1311 (5th Cir.), *cert. denied* 439 U.S. 1002, 99 S.Ct. 612, 58 L.Ed.2d 677 (1978).

The Administrative procedure required under the Act provides that

> . . . a claim shall be deemed to have been presented when a Federal agency receives from a claimant, his duly authorized agent or legal representative, an executed Standard Form 95 or other *written notification of an incident, accompanied by a claim for money damages in a sum certain* for injury to or loss of property, personal injury, or death alleged to have occurred by reason of the incident . . .

(Emphasis provided) 28 C.F.R. § 14.2(a). In the instant case, plaintiff argues that his deceased spouse, Ms. Vanderberg, did submit her claim to the agency and that said claim was finally denied. Therefore, he concludes, the Act has been complied with.

■ The Court finds that plaintiff has not filed a proper administrative claim; thus, this Court has no jurisdiction to entertain plaintiff's tort claim against the United States. In plaintiff's view, his deceased spouse's request for benefits under the CHAMPUS program for the breast reconstruction procedure is the equivalent of a "claim" under the Act. He further argues that the letter by which the CHAMPUS office denied her request is the final administrative action conferring jurisdiction to this Court. However, plaintiff fails to provide any authority for this novel proposition; the Court on its own has found no cases which support such an argument. The only case cited by plaintiff, *Mellor v. United States*, 484 F.Supp. 643 (D.C.Utah, 1978) is inapposite.

The Court must reject plaintiff's argument; otherwise, every administrative de-

nial of any request for governmental benefits under the myriad federal programs would automatically become actionable in Federal court under the Act. Such outcome is clearly contrary to the letter and spirit of the Act. In *Adams, supra,* the Fifth Circuit stated:

> The relevant legislative history indicates two congressional purposes in requiring claimants to provide the relevant agency with notice of their claim. First, in enacting the notice requirement, Congress sought "to ease court congestion and avoid unnecessary litigation, while making it possible for the Government to expedite the fair settlement of tort claims asserted against the United States." ...

(*citing,* S.Rep. No. 1327, 89th Cong., 2d Sess. 6, *reprinted in* U.S.Code Cong. & Admin. News, pp. 2515, 2516). 615 F.2d at 288.

Plaintiff's view would defeat the above stated purpose. First, it would significantly increase court congestion. Second, it is unreasonable to argue that a request for a governmental benefit provides notice to the appropriate Federal agency that plaintiff is seeking "a claim for money damages in a sum certain." Requests for government benefits are received and processed by a large number of offices of an agency such as the United States Department of Defense. These offices make a determination on each application based on their specialized, non-legal, interpretation of the appropriate guidelines, with varying degrees of discretion. On the other hand, a claim under the Federal Tort Claims Act is directly forwarded to the legal department of the particular agency for their review and determination, in light of the law of the State where the alleged act of negligence occurred. Here, plaintiff's deceased requested benefits from the CHAMPUS office for breast reconstruction procedures and not "money damages in a sum certain" as mandated by the Act. Therefore, the Court holds that it lacks jurisdiction to entertain plaintiff's tort claim against the United States.

Plaintiff also invokes this Court's jurisdiction under 28 U.S.C. § 1331(a). Plaintiff claims that defendants' actions, denying plaintiff's deceased's spouse's request for breast reconstruction benefits, violated the equal protection component of the Fifth Amendment Due Process Clause. The Court finds that plaintiff has stated a colorable constitutional claim, which gives the Court subject matter jurisdiction over this action.

III. *Plaintiff's claims against the federal defendants in their individual capacities.*

The courts have recognized two exceptions to the doctrine of sovereign immunity when a suit is brought against a government official. Such suits may be brought (1) if the officer acted beyond his statutory power or (2) if he acted pursuant to an unconstitutional statute or in an unconstitutional manner. *Dugan v. Rank,* 372 U.S. 609, 621–22, 83 S.Ct. 999, 1006–07, 10 L.Ed.2d 15 (1963). Nevertheless, the courts have held that high executive officials are entitled to a qualified immunity from prosecution for acts performed in the course of their official duties. *Butz v. Economou,* 438 U.S. 478, 506–07, 98 S.Ct. 2894, 2910–11, 57 L.Ed.2d 895 (1977); *Scheuer v. Rhodes,* 416 U.S. 232, 247–48, 94 S.Ct. 1683, 1691–92, 40 L.Ed.2d 90 (1973). For an official to be protected by this immunity he has to show that he acted in good faith, "with reasonable grounds for the belief formed at the time and in light of all the circumstances." *Id.*

With regard to the first exception to the doctrine of sovereign immunity, plaintiff's complaint contains only conclusory allegations of unconstitutional action. "A complete reading of the complaint...fails to demonstrate that the actions taken by defendants were outside their official duties and not within the scope of their authority." *Evans v. Wright,* 582 F.2d 20 (5th Cir. 1978) (discussing common law tort action against federal officials). In addition, the affidavit of Theodore Wood, which is properly before the Court as discussed below, supports a finding that the federal officials involved acted in a good faith belief that

their actions were lawful and that their belief was reasonable. Thus, plaintiff's complaint does not fall within the first exception.

Neither does the complaint fall within the second exception to the doctrine of sovereign immunity. The Supreme Court in *Larson v. Domestic & Foreign Commerce Corp.*, 337 U.S. 682, 692, n. 11, 69 S.Ct. 1457, 1462, 93 L.Ed. 1628 (1949) stated that "a suit [under this exception] must fail...if the relief requested cannot be granted by merely ordering the cessation of the conduct complained of but will require affirmative action by the sovereign or the disposition of unquestionably sovereign property." The courts have found that affirmative relief should be granted except where "an intolerable burden on government functions" would result. *Washington v. Udall*, 417 F.2d 1310 (9th Cir. 1969); *accord, Penn v. United States*, 350 F.Supp. 752, 754 (M.D. Ala.1972), *aff'd, Penn v. Schlesinger*, 490 F.2d 700 (5th Cir. 1973).

■ Three cases suggest that the relief requested here is just such "an intolerable burden." *De Lao v. Califano*, 560 F.2d 1384 (9th Cir. 1977); *Johnson v. Mathews*, 539 F.2d 1111 (8th Cir. 1977); and *State ex rel. Baxley v. United States Labor Dept.*, 463 F.Supp. 652 (M.D.Ala.1979). *De Lao*, held that "ordering the payment of retroactive benefits from the federal treasury would 'work an intolerable burden' on the government." 560 F.2d at 1391. *Johnson*, held that footnote eleven of *Larson* "preclude[d] retroactive payments from the federal treasury." 539 F.2d 1124. *Baxley* followed the principle enunciated in the above two cases. 463 F.Supp. at 654. In this case, plaintiff seeks retroactive benefits and damages for the denial of those benefits. Thus, plaintiff's complaint against the individual federal defendants must be dismissed because it asserts claims upon which relief cannot be granted.

IV. *Whether the affidavit of Mr. Wood is properly before the Court.*

Plaintiff argues that Mr. Wood's affidavit is not made from his personal knowledge

because the affidavit shows that Mr. Wood, as Director of the CHAMPUS office, had his staff conduct a review of plaintiff's application for benefits, rather than stating he did it himself. The Court agrees with defendants' contention that the history of the CHAMPUS office's treatment of Ms. Vanderberg's request, recited in the affidavit, is properly before the Court to show Mr. Wood's familiarity with the facts. *Ondis v. Barrows*, 538 F.2d 904, 907 (1st Cir. 1976). *Continental Casualty Co. v. American Sec. Corp.*, 443 F.2d 649 (D.C.Cir.), *cert. denied* 402 U.S. 907, 91 S.Ct. 1368, 28 L.Ed.2d 658, *rehearing denied* 403 U.S. 912, 91 S.Ct. 2203, 29 L.Ed.2d 690 (1971); *Woods v. Allied Concord Financial Corp.*, 373 F.2d 733, 734 (5th Cir. 1967).

■ Plaintiff also objects to Mr. Wood's history of the legislation and regulation involving CHAMPUS and, specifically, the agency's justification for its denial of benefits to plaintiff. The Court finds this review proper because it was within the affiant's knowledge and it was not offered to state what the statute and regulations said, but to show the basis on which the federal officials acted.

V. *Whether there is any claim upon which relief can be granted to plaintiff.*

In light of this Court's ruling that the individual federal defendants are not liable in their individual capacity, the Court must determine whether plaintiff can recover monetary damages from the United States. Any recovery that plaintiff may be entitled to on the basis of his tort claim is beyond this Court's jurisdiction, since plaintiff has not exhausted his administrative remedies. Thus, the issue turns on whether sovereign immunity bars any monetary recovery against the Government.

In *United States v. Testan*, 424 U.S. 392, 401–402, 96 S.Ct. 948, 954–955, 47 L.Ed.2d 114 (1976), the Supreme Court stated:

The respondents do not rest their claims upon a contract; neither do they seek the return of money paid by them to the Government. It follows that the asserted

entitlement to money damages depends upon whether any federal statute "can fairly be interpreted as mandating compensation by the Federal Government for the damage sustained. (citations omitted)... In a suit against the United States, there cannot be a right to money damages without a waiver of sovereign immunity, and we regard as unsound the argument...that all substantive rights of necessity create a waiver of sovereign immunity such that money damages are available to redress their violation.

In this case, plaintiff seeks retroactive payment for the now authorized breast reconstruction procedures and damages because of the alleged denial of Ms. Vanderberg's equal protection rights under the Fifth Amendment. The Court finds no statutory waiver of sovereign immunity which would allow plaintiff to recover money damages or retroactive benefits from the United States.

Additionally, plaintiff seeks injunctive and declaratory relief. Plaintiff concedes that the amendment to the CHAMPUS program authorizing benefits for breast reconstruction procedures has rendered moot his claim for injunctive relief. The Court finds that the amendment to the program has also rendered moot plaintiff's claim for declaratory relief. *Cox v. Stanton*, 529 F.2d 47 (4th Cir. 1975) (where statute against which declaratory judgment was sought was no longer in effect, claim for declaratory judgment was moot); *Oklahoma City v. Dulick*, 318 F.2d 830 (10th Cir. 1963) (where ordinance passed under allegedly unconstitutional enabling statute was repealed and further ordinances were not shown to be contemplated, constitutional claim in declaratory proceeding became moot); *McLarty v. Borough of Ramsey*, 270 F.2d 232 (3rd Cir. 1959) (where during pendency of plaintiff's appeal the ordinance under constitutional attack was amended so as to cure the alleged wrong, the appeal was moot).

Plaintiff also seeks monetary relief against Mutual of Omaha Insurance Company, which acts as a fiscal intermediary under contract with the United States to process and pay CHAMPUS' claims pursuant to federal regulations. *See* note 2, *supra*. There is no question, in the Court's view, that the real party in interest in the administration of the program is the United States. *See, e. g., Peterson v. Weinberger*, 508 F.2d 45, 51-2 (5th Cir. 1975). A judgment against Mutual of Omaha, as a government contractor dispersing government funds, would expend itself on the public treasury and it is barred by sovereign immunity. *See, e. g., De Lao, supra*, at 1391. Therefore, the Court concludes that there is no claim upon which relief can be granted to plaintiff.

Accordingly, plaintiff's motions for class certification and to strike Mr. Wood's affidavit are hereby DENIED. Defendants' motions to dismiss plaintiff's complaint are hereby GRANTED. Since the grounds for dismissing plaintiff's complaint are also applicable to defendant Patricia Harris, plaintiff's claims against her are hereby DISMISSED.