953 F.2d 1392
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 Arthur L. WINTERS, Plaintiff-Appellant,
v.
UNITED STATES of America, Defendant-Appellee.
 No. 91-2074.
 United States Court of Appeals, Tenth Circuit.
 Jan. 23, 1992.
 
 Before LOGAN and BARRETT, Circuit Judges, and KELLY,* District Judge.
 ORDER AND JUDGMENT**
 BARRETT, Circuit Judge.
 
 
 1
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed.R.App.P. 34(a); 10th Cir.R. 34.1.9. The case is therefore ordered submitted without oral argument.
 
 
 2
 Arthur L. Winters appeals the dismissal of his medical malpractice suit brought under the Federal Tort Claims Act (FTCA). The district court determined that it was without subject matter jurisdiction to consider Plaintiff's claims because Plaintiff had failed to present them to the proper federal agency within two years of the dates of the incidents as required by the FTCA, 28 U.S.C. § 2401(b).[1] We affirm.
 
 
 3
 In 1971, Plaintiff, a World War II veteran, was admitted to the VA Hospital in Albuquerque, where he underwent a series of diagnostic tests. One test, a cystogram, was recommended by the physicians but was not done, resulting in a misdiagnosis. Based on the misdiagnosis, laparotomy surgery was performed. In 1972, Plaintiff was again admitted to the VA hospital for treatment of the same condition. In 1985 and 1986, he was treated at a civilian hospital in Albuquerque, also for the same condition.
 
 
 4
 At some point, Plaintiff filed for an increase in his veteran's benefits for the disability caused by his treatment at the VA Hospital from 1971 through 1973,[2] pursuant to 38 U.S.C. § 351 (repealed 1991). See Appellant's App. at 68-70. On March 18, 1985, by letter to the VA, Plaintiff asserted that the VA doctors had misdiagnosed his condition and operated unnecessarily. Appellant's App. at 22-24.
 
 
 5
 During the proceedings on Plaintiff's claim for increased benefits, the VA provided him with summaries of the medical care he received at the VA hospital in 1971 and 1972. In a letter to Plaintiff dated June 6, 1985, the VA Director for Operations stated, "Review of your records indicates excellent medical and surgical care without complication or any dissatisfaction voiced by you." Appellant's App. at 49. On February 10, 1988, the Board of Veterans Appeals found that the cystogram had not been done, and that the VA had been negligent by doing the laparotomy surgery, but that the surgery had not increased Plaintiff's preexisting disability. Appellant's App. at 37-45. The appeals board determined that Plaintiff was entitled to compensation benefits "for residuals of [the] laparotomy," but denied compensation benefits for additional genitourinary disability based on treatment at the VA hospital from 1971 through 1973. Id. at 45.
 
 
 6
 On March 29, 1988, after Plaintiff learned that the cystogram had not been done in 1971, he filed a claim against the VA under the FTCA. The VA denied the claim, and Plaintiff filed this case in the district court.
 
 
 7
 Plaintiff asserts that the district court erred in dismissing his complaint because there exist genuine issues of fact on (1) when his claim accrued; (2) whether Plaintiff exercised reasonable diligence in developing the facts of his claim in light of the VA's statements that the diagnosis and treatment he received had been proper; (3) whether the statute of limitations was tolled by the VA's concealment and misrepresentation of its misdiagnosis; and (4) whether the VA violated its own regulations requiring notice to Plaintiff of his right to file a claim, thus tolling the statute of limitations.
 
 
 8
 We review de novo determination of the district court's subject matter jurisdiction. Bradley v. United States, --- F.2d ----, No. 91-2035, slip op. at 4 (10th Cir. Dec. 9, 1991) (1991 WL 258889, at * 1). "Because the FTCA constitutes a waiver of the government's sovereign immunity, the notice requirements established by the FTCA must be strictly construed. The requirements are jurisdictional and cannot be waived." Id. (citation omitted).
 
 
 9
 Plaintiff maintains that his claim did not accrue until February 10, 1988, when he was informed by the VA that the cystogram was not performed. Thus, according to Plaintiff, his claim filed March 29, 1988, was timely.
 
 
 10
 "A claim 'accrues' for purposes of the two-year limitation, when the plaintiff knows both the existence and the cause of the injury. Accrual need not await 'awareness by the plaintiff that his injury was negligently inflicted.' " Bradley, slip op. at 5 (1991 WL 258889, at * 2) (citing United States v. Kubrick, 444 U.S. 111, 122-125 (1979)); accord Robbins v. United States, 624 F.2d 971, 972 (10th Cir.1980). We agree with the district court in this case that Plaintiff's letter dated March 18, 1985, demonstrated his knowledge of both the existence and the cause of his injury. In the letter, Plaintiff stated:
 
 
 11
 In 1971, if you would have read the summary, you would have found that the medical doctors, signature R.W. Taylor, M.D., admitted that they diagnosed my physical examination erroneously and operated for five hours unnecessarily endangering my life by their lack of medical skills. All that was required was a simple prostate operation which takes ten minutes. They took 200 x-rays and could not read one. These could be found in the records that you claimed you returned and obviously did not read.
 
 
 12
 Appellant's App. at 22. Consequently, Plaintiff's claim accrued no later than March 18, 1985.
 
 
 13
 As to the second claimed error, Plaintiff was in possession of the critical facts that he had been hurt and who had inflicted the injury. He was not at the mercy of the VA for information, but could have asked others to advise him whether he had been wronged. See Kubrick, 444 U.S. at 122. Plaintiff apparently received medical treatment from his private physician in 1985. See Appellant's App. at 23, 25. We are aware of no obstacle that prevented Plaintiff from availing himself of legal advice within a reasonable time after he learned of the information in his March 18, 1985, letter. See Bradley, slip op. at 5-6 (1991 WL 258889, at * 2). Therefore, he has failed to establish that he exercised reasonable diligence to ascertain his claim.
 
 
 14
 Plaintiff further alleges that the statute of limitations was tolled by the VA's statements that its diagnosis of him had been accurate and the resulting treatment satisfactory. Plaintiff, however,
 
 
 15
 had the affirmative duty to seek medical and legal advice regarding his alleged injuries at that time. To allow [Plaintiff] to postpone accrual until he is passively informed ... that his injury was negligently inflicted would serve to undermine the purpose of the limitations statute, that claims against the government require diligent presentation.
 
 
 16
 Bradley, slip op. at 5 (1991 WL 258889, at * 2) (footnote omitted). Therefore, Plaintiff was not justified in his reliance solely on the VA's statements. Moreover, we cannot consider Plaintiff's request to extend the FTCA statute of limitations for equitable reasons. Anderberg v. United States, 718 F.2d 976, 977 (10th Cir.1983), cert. denied, 466 U.S. 939 (1984).
 
 
 17
 Finally, Plaintiff argues that his March 18, 1985, letter required the VA to send him information on how to file a claim, pursuant to 38 C.F.R. § 14.604. He asserts that there exists a genuine issue of material fact on whether the VA complied with its own regulations. On the contrary, the facts are not in dispute. Plaintiff relies on his March 18, 1985, letter to establish his entitlement to the procedures set forth in § 14.604. Therefore, "[b]ecause the relevant facts are undisputed and we consider only legal issues, our review is plenary." In re Thompson, 894 F.2d 1227, 1228 (10th Cir.1990).
 
 Section 14.604 provides:
 
 18
 (a) Each person who inquires as to the procedure for filing a claim against the United States, predicated on a negligent or wrongful act or omission of an employee of the Department of Veterans Affairs acting within the scope of his or her employment, will be furnished a copy of SF 95, Claim for Damage, Injury, or Death. The claimant will be advised to submit the executed claim directly to the District Counsel....
 
 
 19
 Plaintiff's letter did not request information on how to file a claim against the United States. Instead, it set forth his claim for increased disability benefits. Furthermore, a claim for governmental benefits under § 14.604 is not a claim under the FTCA. See Vanderberg v. Carter, 523 F.Supp. 279, 282-83 (N.D.Ga.1981), aff'd, 691 F.2d 510 (11th Cir.1982).
 
 
 20
 The judgment of the United States District Court for the District of New Mexico is AFFIRMED.
 
 
 
 *
 Honorable Patrick F. Kelly, District Judge, United States District Court for the District of Kansas, sitting by designation
 
 
 **
 This order and judgment has no precedential value and shall not be cited, or used by any court within the Tenth Circuit, except for purposes of establishing the doctrines of the law of the case, res judicata, or collateral estoppel. 10th Cir.R. 36.3
 
 
 [1]
 28 U.S.C. § 2401(b) states in part:
 (b) A tort claim against the United States shall be forever barred unless it is presented in writing to the appropriate Federal agency within two years after such claim accrues....
 The timely filing of an administrative claim is a jurisdictional requirement. Three-M Enterprises, Inc. v. United States, 548 F.2d 293, 294 (10th Cir.1977).
 
 
 [2]
 Plaintiff does not set forth circumstances of alleged malpractice occurring in 1973, although he states that his claim for increased benefits was based on treatment he received at the VA hospital "from August 9, 1971 through November 26, 1973." Appellant's Br. at 14