**I.M. HOFMANN, Plaintiff,**

v.

**John HAMMACK or Ceo Unisys Health Management Insurance, Defendants.**

**No. 98 C 3453.**

United States District Court, N.D. Illinois, Eastern Division.

Jan. 27, 2000.

Donald J. Nolan, Nolan Law Group, Chicago, IL, for Plaintiff.

Cathleen R. Martwick, Assistant U.S. Attorney, Chicago, IL, for Defendant.

### MEMORANDUM OPINION AND ORDER

BUCKLO, District Judge.

Ms. Hofmann filed a pro se action in state court against John Hammack, an individual affiliated with Unisys Health Management Insurance ("Unisys"), and Unisys itself because she alleged that it had failed to pay certain claims that she made under the Civilian Health and Medical Program of the Uniformed Services ("CHAMPUS"), the military counterpart to Medicare. Unisys has contracted as a fiscal intermediary to provide claims processing services in Illinois for CHAMPUS. Ms. Hofmann sought $15,000 in contract and tort damages. The United States, asserting that it was the real party in interest, removed the case to federal district court. *See Mitchell v. Occidental Ins., Medicare,* 619 F.2d 28, 29 (9th Cir.1980) (*citing Kuenstler v. Occidental Life Ins. Co.,* 292 F.Supp. 532, 535 (C.D.Cal.1968)) (removal from small claims court proper where defendant insurer was administering Medicare program). Ms. Hofmann was given a court-appointed attorney. The United States now moves to dismiss, waiving its claim of sovereign immunity for purposes of the motion, and I grant the motion, dismissing the case without prejudice to allow Ms. Hofmann to pursue her claims through the agency appeals process.

On a motion to dismiss, I accept as true the well-pleaded allegations of the complaint and the inferences that may be reasonably drawn from those allegations. *Sapperstein v. Hager,* 188 F.3d 852, 855 (7th Cir.1999). I note that the United States is the real party in interest here, although Ms. Hofmann names a private person and an insurance carrier as defendants. However, her claim is for monies she alleges are owed her under CHAMPUS, and she does not dispute that CHAMPUS claims are paid by direct appropriations from the United States Treasury, *see* 32 C.F.R. § 199.1(e). The United States argues that in a suit against a CHAMPUS fiscal intermediary like Unisys, government funds would be expended and it is therefore the real party in interest. *See Vanderberg v. Carter,* 523 F.Supp. 279, 285 (N.D.Ga.1981). Ms. Hofmann does not contend that the United States would not have pay her recovery, for example, because perhaps it either could not lawfully indemnify the private defendants for their wrongs or had the discretion to refuse to indemnify them (*but see* 32 C.F.R. § 199.1(e)) ("CHAMPUS fiscal intermediaries are reimbursed for the adjudication and payment of CHAMPUS claims . . . ."), so she has waived any such argument.

The United States argues that I lack subject matter jurisdiction, first, because, under the Tucker Act, a district court has jurisdiction over a "claim against the United States, not exceeding $10,000 in amount," 28 U.S.C. § 1346(a)(2), but for claims in larger amounts, the United States Court of Claims has exclusive juris-

diction. *Id.* § 1491(a)(1); *Midwest Knitting Mills v. United States,* 950 F.2d 1295, 1301 (7th Cir.1991). Ms. Hofmann is willing to stipulate that her damages do not exceed $10,000. The quick and easy argument for dismissal therefore fails.

■ The United States then argues that I lack subject matter jurisdiction because Ms. Hofmann has failed to exhaust her administrative remedies under Department of Defense regulations. She admits that she made no such administrative appeal,[1] and that any such appeals may be time barred. This argument fails as an argument to dismiss under Rule 12(b)(1), but I grant the motion to dismiss using the discretion available to me under Supreme Court precedent. *See McCarthy v. Madigan,* 503 U.S. 140, 144, 112 S.Ct. 1081, 117 L.Ed.2d 291 (1992)

■ The United States concedes that the CHAMPUS enabling statutes and regulations do not prescribe administrative appeals, *see* 10 U.S.C. § 1079; 32 C.F.R. § 199.10. Failure to exhaust administrative remedies does not deprive a court of jurisdiction. *Perez v. Wisconsin Dep't of Corrections,* 182 F.3d 532, 535 (7th Cir.1999) (*citing Air Courier Conference of America v. American Postal Workers Union,* 498 U.S. 517, 522–23 & n. 3, 111 S.Ct. 913, 112 L.Ed.2d 1125 (1991)). The Supreme Court has said that "[w]here Congress specifically mandates, exhaustion is required. But where Congress has not clearly required exhaustion, sound judicial discretion governs." *McCarthy,* 503 U.S. at 144, 112 S.Ct. 1081.

Merely because administrative exhaustion is not jurisdictional, however, does not mean that I am free to disregard it. *Perez,* 182 F.3d at 535. Administrative remedies exist so that an aggrieved person can first seek relief within the agency before involving the courts. *See Kashani v. Nelson,* 793 F.2d 818, 825 (7th Cir.1986) ("The exhaustion doctrine is ... an expression of

executive and administrative autonomy.") (*quoting McKart v. United States,* 395 U.S. 185, 194–95, 89 S.Ct. 1657, 23 L.Ed.2d 194 (1969)). Normally the agency gets the first crack at reconsidering the claim, in part because it is the expert that has been authorized by Congress to deal with the issue and in part because letting the agency handle the problem if it can do so lightens the dockets of the courts. *Id.*

I need not require administrative exhaustion if the statute is silent, as here. Ms. Hofmann argues that her interests outweigh the interests in requiring exhaustion. She cites *McCarthy,* 503 U.S. at 146, 112 S.Ct. 1081. Ms. Hofmann's reasons for coming to court before going to the agency, however, are slight. She says: (1) that she could not use the § 199.9 agency appeals process because the contractual fiscal intermediaries have changed several times, resulting in missing documentation (the "non-availability of some of Plaintiff's past submittals or denials"), and additionally, (2) because of a lapse of time attributable to certain unspecified acts or omissions of Unisys, her claim may be time barred.

The missing documentation problem was one to be raised in the context of an agency appeal, where she could allow the agency to develop the factual record through its own research and subpoena powers. After all, the agency contracted with the financial intermediaries and is in the best place to get them to produce the papers concerning the claims. The time lapse argument is too vague to allow me to assess its merits. I have no idea what Unisys is supposed to have done that delayed Ms. Hofmann's administrative appeal. I do not even know whether her appeal is in fact time barred. As the United States remarks, the appeals process provides for a waiver of the time bar, so if Ms. Hofmann can explain to the agency's

---

1. Ms. Hofmann therefore cannot sue under the Federal Tort Claims Act, which requires administrative exhaustion. 28 U.S.C. § 2675 ("[T]he claimant shall have first presented the claim to the appropriate Federal agency and his claim shall have been finally denied by the agency.").

satisfaction why the blame for any delay should be placed on Unisys, the agency has the discretion to let her file an appeal if it is in fact time barred.

In my sound discretion, I insist on exhaustion of administrative remedies, and therefore DISMISS Ms. Hofmann's case without prejudice.