NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

OCT 24 2019

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| In the Matter of:<br><br>YURI LEE,<br><br>               Debtor.<br><br>------------------------------<br><br>YURI LEE,<br><br>               Appellant,<br><br>  v.<br><br>SELECT PORTFOLIO SERVICING, INC.;<br>WAMU MORTGAGE PASS-THROUGH<br>CERTIFICATES, SERIES 2006-AR12<br>TRUST,<br><br>               Appellees. | No.   19-55020<br><br>D.C. No. 2:18-cv-06851-JFW<br><br>MEMORANDUM[*] |

Appeal from the United States District Court
for the Central District of California
John F. Walter, District Judge, Presiding

Submitted October 15, 2019[**]

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

Before:     FARRIS, LEAVY, and RAWLINSON, Circuit Judges.

Chapter 13 debtor Yuri Lee appeals pro se from the district court's judgment affirming the bankruptcy court's order dismissing Lee's adversary proceeding. We have jurisdiction under 28 U.S.C. § 158(d). We review de novo a district court's decision on appeal from a bankruptcy court, and apply the same standards of review the district court applied to the bankruptcy court's decision. *Christensen v. Tucson Estates, Inc. (In re Tucson Estates, Inc.)*, 912 F.2d 1162, 1166 (9th Cir. 1990). We may affirm on any ground supported by the record. *Shanks v. Dressel*, 540 F.3d 1082, 1086 (9th Cir. 2008). We affirm.

The bankruptcy court did not abuse its discretion by retaining jurisdiction over Lee's adversary proceeding after granting Lee's motion for voluntary dismissal of the bankruptcy case. *See Carraher v. Morgan Elecs., Inc. (In re Carraher)*, 971 F.2d 327, 328 (9th Cir. 1992) (setting forth standard of review and explaining that the bankruptcy court may retain jurisdiction over a related proceeding after dismissal of the bankruptcy case, subject to considerations of judicial economy, fairness, convenience and comity).

Dismissal of Lee's adversary action was proper because Lee failed to allege facts sufficient to state a plausible claim for relief. *See* Fed. R. Civ. P. 12(b)(6); *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (to avoid dismissal, "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is

2                                                                        19-55020

plausible on its face" (citation and internal quotation marks omitted)). Contrary to Lee's contention, the bankruptcy court was not required to state findings or conclusions in its dismissal order. *See* Fed. R. Civ. P. 52(a)(3) ("The court is not required to state findings or conclusions when ruling on a motion under Rule 12 . . . ."); Fed. R. Bankr. P. 7052 (providing that Federal Rule of Civil Procedure 52 applies in adversary proceedings); *Mitchell v. Occidental Ins., Medicare*, 619 F.2d 28, 30 (9th Cir. 1980) (under Federal Rule of Civil Procedure 52, "no findings [of fact and law] are necessary in judgments on motions to dismiss").

The bankruptcy court did not abuse its discretion by dismissing Lee's action without leave to amend because amendment would have been futile. *See Leadsinger, Inc. v. BMG Music Publ'g*, 512 F.3d 522, 532 (9th Cir. 2008) (setting forth standard of review and explaining that the court need not grant leave to amend if amendment would be futile).

We reject as unsupported by the record Lee's contention that the removal of her action to federal court was improper. *See* 28 U.S.C. § 1446(c) (the deadline to file a notice of removal is 30 days after defendant is served with a summons and complaint); Cal. Code Civ. Pro. § 415.30 (providing that service of a summons pursuant to that section is complete on the date a written acknowledgment of receipt of summons is executed); Cal. Code Civ. Pro. § 415.40 (providing that service of summons is complete on the tenth day after the mailing pursuant to that

section).

We do not consider matters not specifically and distinctly raised and argued in the opening brief, or arguments and allegations raised for the first time on appeal. *See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009).

**AFFIRMED.**