Boyd D. EVANS and Lois A. Evans
d/b/a Complete Breathing Care,
Inc., Plaintiffs-Appellants,

v.

Doug WRIGHT and Christopher Mulholland, Defendants-Appellees.

No. 78–1192
Summary Calendar.*

United States Court of Appeals,
Fifth Circuit.

Oct. 16, 1978.

Rothblatt & Barnett, Orlando, Fla., Smith, Asbill, Roach & Nellis, Atlanta, Ga., Bernard D. Sommers, Maitland, Fla., for plaintiffs-appellants.

Boyd D. Evans, Lois Evans, pro se.

William L. Harper, U. S. Atty., Robert J. Castellani, Asst. U. S. Atty., Atlanta, Ga., Carl H. Harper, Regional Atty., Alvin N.

---

* Rule 18, 5 Cir.; see Isbell Enterprises, Inc. v. Citizens Casualty Co. of New York et al., 5 Cir., 1970, 431 F.2d 409, Part I.

Jaffe, Asst. Regional Atty., Dept. of HEW, Atlanta, Ga., for defendants-appellees.

Before RONEY, GEE and FAY, Circuit Judges.

PER CURIAM:

Plaintiffs, providers of durable medical equipment within the meaning of the Social Security Act, sued employees of the Department of Health, Education and Welfare, alleging they tortiously interfered with plaintiffs' contractual relations with certain Medicare patients. The district court granted defendants' motion for summary judgment, holding them to be protected by official immunity, the acts complained of being within the authority and scope of their employment. We affirm.

Plaintiffs Boyd Evans and Lois Evans, doing business under the name Complete Breathing Care, Inc., supply durable medical equipment, such as respirators, to Medicare patients. Several employees left plaintiffs' employ, allegedly converting some equipment to their own use and serving some of plaintiffs' former clients. The resulting dispute resulted in Medicare receiving double-billing for certain patients. Because of this, defendants Wright and Mulholland, program integrity specialists in the Medicare program, began an investigation. Program integrity specialists have responsibility for monitoring fraud and abuse in the Medicare program.

To prevent this double-billing, defendants took various steps, such as visiting the homes of patients to ask which firm was providing them service. Plaintiffs contend in their complaint and their briefs before this Court that defendants went further. than mere investigation. Plaintiffs allege that defendants orally informed patients that the equipment belonged to plaintiffs' former employees, that plaintiffs had no legal right to bill for it, and that the patients should not deal with plaintiffs.

The district court, after examining the affidavits submitted by both sides, granted defendants' summary judgment motion, finding defendants entitled to official immunity. The court noted that federal officials are no longer entitled to absolute official immunity in actions for violations of *constitutional* rights, a view just recently confirmed by the Supreme Court's decision in *Butz v. Economou,* —— U.S. ——, 98 S.Ct. 2894, 57 L.Ed.2d 895 (1978). Where, on the other hand, the suit is for ordinary *tort claims,* the district court held that the doctrine of official immunity still applies. This is a correct statement of the law of this Circuit. *See Peterson v. Weinberger,* 508 F.2d 45, 50–51 (5th Cir.), *cert. denied,* 423 U.S. 830, 96 S.Ct. 50, 46 L.Ed.2d 47 (1975).

*Peterson,* a case very similar to the present one, is almost directly on point. We there held that HEW program integrity specialists are shielded by official immunity for "alleged [tortious] acts . . . committed . . . during the course of an investigation of purported violations of the Medicare Act." *Peterson, supra,* 508 F.2d at 51. The *Peterson* rule remains unaffected by *Butz v. Economou,* which was limited to constitutional claims. See —— U.S. at —— n. 22, 98 S.Ct. 2894.

The issue in a case such as this is whether the acts alleged to be tortious were within the defendants' official duties. The district court stated that plaintiffs did not dispute that the acts complained of were within the authority conferred upon Medicare program integrity specialists. Plaintiffs complain that the district court's statement is not true. A complete reading of the complaint and the affidavits filed by plaintiffs, however, fails to demonstrate that the actions taken by defendants were outside their official duties and not within the scope of their authority. Even if misguided, all of defendants' actions were taken in an effort to prevent double-billing, which is the function of Medicare program integrity specialists. In other words, taking the statements in plaintiffs' affidavits as true, they fail to raise any issue of fact

for submission to a jury on the critical issue decisive of this case. Having acted within the outer perimeters of their official duties, defendants are entitled to the protection of official immunity. The district court correctly decided the case on summary judgment.

AFFIRMED.