**Mary Ellen SONNTAG, Plaintiff,**

v.

**George E. DOOLEY; Joseph A. Genna; and Roy Carlton, Defendants.**

**No. 79 C 2876.**

United States District Court,
N. D. Illinois, E. D.

Sept. 9, 1980.

George F. Galland, Jr., Davis, Miner & Barnhill, Chicago, Ill., for plaintiff.

Robert T. Gruenberg, Asst. U. S. Atty., Chicago, Ill., for defendants.

## ORDER

BUA, District Judge.

This cause comes before the court on defendants' motion to dismiss the amended

complaint pursuant to Rule 12(b), Fed.R. Civ.P.

This action was filed against two present officers of the United States Army, Major George Dooley and Captain Joseph Genna, and a retired officer, Major Roy Carlton. Plaintiff seeks damages from the defendants, in their individual capacities, *cf. Land v. Dollar*, 330 U.S. 731, 67 S.Ct. 1009, 91 L.Ed. 1209 (1947), for their violation of plaintiff's fifth amendment rights. *Davis v. Passman*, 442 U.S. 228, 99 S.Ct. 2264, 60 L.Ed.2d 846 (1979). The court has jurisdiction of this case pursuant to 28 U.S.C. § 1331.

Count I of the amended complaint charges that the three defendants participated in a plan to force plaintiff to resign from her civil service position with the Department of the Army by intentionally making her working conditions so intolerable that she was forced to resign under her doctor's orders. According to the complaint, the defendants were forced to resort to this plan because, as a career civil service employee, plaintiff could only be discharged for cause. *See* 5 U.S.C. § 7501(a) (1970). The defendants knew that plaintiff's exemplary work record of 33 years would have made it impossible to procure her discharge under applicable rules and regulations. No racial, sexual or other class based animus is relied on by plaintiff to explain defendants' alleged actions. For all that appears from the complaint, the defendants were motivated solely by their personal dislike of the plaintiff.

Count II of the amended complaint is directed solely to Major Dooley. It charges that during the course of defendants' plan to drive plaintiff from her job, Major Dooley slandered plaintiff by calling her "a liar, a fraud, and a thief." Amended Complaint ¶ 7(d).

Two grounds for dismissal are presented by defendants' motion. The defendants first contend that Count I fails to allege anything more than the common law tort of defamation. Thus, it is argued *Barr v. Matteo*, 360 U.S. 564, 79 S.Ct. 1335, 3 L.Ed.2d 1434 (1959) requires dismissal since federal executive officials acting within the "outer perimeter" of their official duties are absolutely immune from damage claims for common law torts. *See also Evans v. Wright*, 582 F.2d 20 (5th Cir. 1978) (tortious interference with contractual relations); *Granger v. Marek*, 583 F.2d 781 (6th Cir. 1978) (tortious interference with business and intentional infliction of mental distress.)

■ The plaintiff's position is that Count I adequately alleges a constitutional violation. The plaintiff alleges that she has a property interest in her civil service job which she may not be deprived of without due process. It is now clear that an individual executive official may be personally liable for actions that have deprived a person of his fourth, fifth or eighth amendment rights. *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388, 91 S.Ct. 1999, 29 L.Ed.2d 619 (1971); *Davis v. Passman*, 442 U.S. 228, 99 S.Ct. 2264, 60 L.Ed.2d 846 (1979); *Carlson v. Green*, —— U.S. ——, 100 S.Ct. 1468, 64 L.Ed.2d 15 (1980). It is also clear that plaintiff has adequately alleged the existence of a property interest in her job. Plaintiff's civil service appointment gave her a legitimate entitlement to continued employment absent a showing of good cause for dismissal. This entitlement is sufficient to establish a fifth amendment property interest. 5 U.S.C. §§ 7511(a)(1), 7513(a).[1] *Arnett v. Kennedy*, 416 U.S. 134, 94 S.Ct. 1633, 40 L.Ed.2d 15 (1974).

■ Furthermore, this court believes that the serious allegations concerning defendants' plan to force plaintiff to resign is tantamount to an unlawful discharge. Thus, plaintiff has adequately alleged acts which constitute a violation of plaintiff's constitutional rights. Since *Butz v. Economou*, 438 U.S. 478, 98 S.Ct. 2894, 57 L.Ed.2d

---

1. 5 U.S.C. § 7501(a) (1970) was in effect at the start of defendants' alleged plan. Like its successor sections, it provides that an individual in the competitive service may be removed or suspended without pay only for such cause as will promote the efficiency of the service.

895 (1978) is controlling in a case alleging an executive official's violation of a person's constitutional rights, absolute immunity has no applicability to the facts alleged in Count I.

 The discussion above demonstrates that plaintiff's constitutional rights are at stake, but this does not mean that she has stated a claim upon which relief can be granted. The claim contained in Count I seeks an award of damages. This court believes that the plaintiff has not pleaded a claim upon which money relief can be granted. While we have rejected defendants' argument that the complaint should be read as stating that plaintiff "voluntarily surrendered" her job, see *Jenkins v. McKeithen,* 395 U.S. 411, 89 S.Ct. 1843, 23 L.Ed.2d 404 (1969) (on a motion to dismiss the complaint must be construed in the light most favorable to the plaintiff), this does not mean that a damage remedy is either necessary or appropriate. We agree with the defendants that under *Paige v. Harris,* 584 F.2d 178 (7th Cir. 1978) even if one has a property interest in employment, that interest may be terminated if a hearing or other review is available. *See also Ashton v. Civiletti,* 613 F.2d 923 (D.C.Cir. 1979).

When a civil service employee has a grievance against her employer an extensive procedure is provided which permits the employee to resolve the grievance. 5 C.F.R. § 772 *et seq.* Furthermore, it is apparent from the face of the complaint that plaintiff has filed some grievances against the defendants with her former employer. Amended Complaint ¶ 9. It is no help to plaintiff's claim that she alleges that further attempts at administrative remedies would be futile, since she has not alleged any fact which even remotely impeaches the fairness or adequacy of the administrative grievance proceedings available to her. Thus, either her claims against defendants were found to be groundless, she failed to pursue them vigorously in the administrative proceedings, or the administrative decision was erroneous. In no case can she deny that she was given the opportunity for a fair hearing in which relief could be afforded her. Thus, at most, she would be entitled to review of the final and binding administrative decision only if she has exhausted her administrative remedies and then only on the basis of the judicial review procedures available under the Administrative Procedure Act, 5 U.S.C. § 701 *et seq.* Cf. *Mervin v. FTC,* 591 F.2d 821 (D.C.Cir.1978).

If this were not enough to afford her due process of law, obviating both the need for a damage remedy and the proximate cause requirement of her claim that defendants' acts deprived her of property without an adequate opportunity to contest those actions, the Court of Claims has held that relief is available to former employees that are wrongfully forced to resign. Thus, even if she had failed to institute grievance procedures prior to her resignation, she has an appropriate post resignation remedy. *Gratehouse v. United States,* 512 F.2d 1104 (Ct.Cl.1975). The civil service discharge procedures would entitle her to reinstatement and back pay while affording her an opportunity to clear her name and seek sanctions against her supervisors.

This court is persuaded by the reasoning of the Court of Appeals of the Eighth Circuit in *Bishop v. Tice,* 622 F.2d 349 (1980) that the need to infer a money damage remedy for a denial of procedural due process is unnecessary under the facts alleged in Count I of the complaint. Since Count I of the complaint fails to state a claim upon which relief can be granted, this court has no independent jurisdiction to consider the state law claim of defamation contained in Count II. The complaint will therefore be dismissed in its entirety without prejudice.