Robert Alan **KEMP**, Plaintiff,

v.

William **BLOCK**, Defendant.

No. CV–R–82–399–ECR.

United States District Court, D. Nevada.

March 30, 1984.

Robert R. Parker, Sparks, Nev., for plaintiff.

Lamond R. Mills, U.S. Atty., by Shirley Smith, Asst. U.S. Atty., Reno, Nev., for defendant.

## ORDER

EDWARD C. REED, Jr., District Judge.

### Background

■ The complaint[1] in this case alleges that defendant clandestinely tape recorded a conversation in which the plaintiff was a participant; that the tape recording was publicly played; that the contents of the tape recording were a basis for an "adverse personnel action" taken by the plaintiff's employer; and that

> the circumstances of the surreptitious recording without the authorization of either of the persons engaging in the conversation was, in addition to an unwarranted and unlawful invasion of the privacy of the plaintiff, a criminal act in violation of NRS 200.650.

Defendant has moved for summary judgment, claiming that the action is barred by the doctrine of immunity.[2] He cites ex-

---

1. Plaintiff filed suit against this defendant in state court on November 2, 1982. On December 15, 1982, the United States filed a petition for removal to this Court pursuant to 28 U.S.C. § 1441, on the grounds that this was a "civil action in connection with acts done by WILLIAM BLOCK acting within the scope of his authority as an agent of the Government of the United States."

2. Defendant has claimed that he is entitled to absolute immunity under *Harlow v. Fitzgerald,* 457 U.S. 800, 102 S.Ct. 2727, 73 L.Ed.2d 396 (1982). However, the Court in Harlow stated that

> In order to establish entitlement to absolute immunity a [defendant] first must show that

the responsibilities of his office embraced a function so sensitive as to require a total shield from liability. He then must demonstrate that he was discharging the protected function when performing the act for which liability is asserted.

*Id.* at 812–13, 102 S.Ct. at 2736 (footnote omitted). Defendant has met neither prong of this test.

Defendant contends that he is also immune under NRS 41.0333, which provides that

> No action may be brought under NRS 41.031 or against the State of Nevada or Nevada National Guard or a member or employee of the Nevada National Guard which action is based upon an act or omission of the member or employee while engaged in state or federal training of the Nevada National Guard or

cerpts from the administrative record which he claims indicates that he was within the scope of his official duties as a technician in the Air National Guard. In these excerpts, defendant states that plaintiff's argumentative nature tended to make it difficult to work in the Instrument Shop, that plaintiff consistently denied that he was argumentative, and that defendant made the tape as a way to show that plaintiff was in fact argumentative. See Memorandum in Support of Motion for Summary Judgment at 9.

Defendant's deposition was taken on July 12, 1983. At this deposition, the following colloquy occurred:

Q [Mr. Parker] And I don't mean to repeat on this, but no one in the Air National Guard authorized you to or ordered you make this tape, is that correct?

A [Defendant] No.

Q No, it is not correct, or—

A It's correct.

Q It is correct.

Had you made previous recordings at any time in the shop?

A Not myself, no.

Q What do you mean not yourself?

A I had not made any previous recordings.

Q Okay. Then the answer is no?

A That's correct.

### Analysis

■ A federal officer, acting within the outer perimeter of is line of duty, is

absolutely immune from state or common law tort liability. *Barr v. Matteo*, 360 U.S. 564, 575, 79 S.Ct. 1335, 1341, 3 L.Ed.2d 1434 (1959); *Miller v. DeLaune*, 602 F.2d 198, 200 (9th Cir.1979).[3]

■ To be within the outer perimeter of the line of duty means that the act must have "more or less connection with the general matters committed by law to the officer's control or supervision, and not be manifestly or palpably beyond his authority." *Norton v. McShane*, 332 F.2d 855, 859 (5th Cir.1964), *cert. denied* 380 U.S. 981, 85 S.Ct. 1345, 14 L.Ed.2d 274 (1965) (citing *Spalding v. Vilas*, 161 U.S. 483, 498, 16 S.Ct. 631, 637, 40 L.Ed. 780 (1896)); *Clifton v. Cox*, 549 F.2d 722, 726 (9th Cir. 1977).

In *Barr*, the Court held that immunity should not be restricted to executive officers of cabinet rank. It noted that

The complexities and magnitude of governmental activity have become so great that there must of necessity be a delegation and redelegation of authority as to many functions, and we cannot say that these functions become less important simply because they are exercised by officers of lower rank in the executive hierarchy.

To be sure, the occasions upon which the acts of the head of an executive department will be protected by the privilege are doubtless far broader than in

duty as prescribed by Title 32 of U.S.C., or regulations adopted pursuant thereto whether such training or duty is performed within or without the boundaries of this state.

It is sufficient, for the purposes of this motion, to note that the application of the doctrine of immunity to federal officers and employees is governed by federal law, and not state law. *Howard v. Lyons*, 360 U.S. 593, 597, 79 S.Ct. 1331, 1333, 3 L.Ed.2d 1454 (1959); *Chafin v. Pratt*, 358 F.2d 349, 353 (5th Cir.) *cert. denied* 385 U.S. 878, 87 S.Ct. 159, 17 L.Ed.2d 105 (1966). Therefore, NRS 41.0333 cannot serve as a basis for immunity for the defendant in this case.

**3.** Our inquiry is simplified by the fact that plaintiff does not dispute defendant's status as a federal officer. Furthermore, his claim is based

on state common law. He appears to be claiming no more than a general right to be let alone. The protection of this right is normally left to state law. *Katz v. United States*, 389 U.S. 347, 350–51, 88 S.Ct. 507, 510–511, 19 L.Ed.2d 576 (1967); *Sprecher v. Graber*, 716 F.2d 968, 976 (2d Cir.1983). The fact that plaintiff contends that defendant violated a statute in the course of taping his conversation does not lift his claim from the realm of common law, since the statute in question is part of Nevada's criminal law, and as such confers no right of recovery on a private tort plaintiff.

We need not decide at this point whether defendant actually committed a tort in tape recording the conversation. Our inquiry is limited to whether the act of tape recording the conversation was beyond the perimeter of defendant's line of duty.

the case of an officer with less sweeping functions. But that is because the higher the post, the broader the range of responsibilities and duties, and the wider the scope of discretion, it entails. It is not the title of his office but the duties with which the particular officer sought to be made to respond in damages is entrusted—the relation of the act complained of to "matters committed by law to his control or supervision . . .—which must provide the guide in delineating the scope of the rule which clothes the official acts of the executive officer with immunity from civil defamation suits.

*Id.* at 573–74, 79 S.Ct. at 1340–1341 (citations and footnotes omitted). In *Harlow v. Fitzgerald,* 457 U.S. 800, 102 S.Ct. 2727, 73 L.Ed.2d 396 (1982), the Court stated that

government officials performing discretionary functions generally are shielded from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional norms.

*Id.* at 818, 102 S.Ct. at 2738. Although *Barr's* "outer perimeter" test is not specifically cited in *Harlow,* we conclude that it is essentially equivalent to the "discretionary function" test.[4] Furthermore, the fact that the language from *Harlow* quoted above set forth a "qualified immunity" test is not significant for purposes of this Order.

There is no "litmus test" to distinguish acts of discretion from ministerial acts. *Ove Gustavsson Contracting Co. v. Floete,* 299 F.2d 655, 659 (2d Cir.1962) *cert. denied* 374 U.S. 827, 83 S.Ct. 1862, 10 L.Ed.2d 1050 (1963). The "real question" is whether the act complained of is "the result of a judgment or decision which it is necessary that the Government official be free to make without fear or threat of vexatious or fictitious suits and alleged personal responsibility." *Id. Cf. Ducey v.*

*U.S.,* 713 F.2d 504, 515 (9th Cir.1983) (Whether an act or omission is a discretionary activity under the Federal Tort Claims Act depends on whether the act or omission occurred on the "planning" or policy-making level of governmental activity or on the "operational" level.). Finally, we call attention to *Kelley v. Dunne,* 344 F.2d 129 (1st Cir.1965), which involved a postal inspector who allegedly made a search without a warrant, and who in the course of the search made a slanderous statement. The court held that "[t]he public need to protect such conduct . . . is minimal," and that "[t]here would be no serious hamstringing of the activities of postal inspectors if, in the absence of a warrant, they were obligated, to some extent, to defend their actions." *Id.* at 133. The parties have not addressed the issue of how defendant's rank in the federal hierarchy, or the scope of the matters committed to his control or supervision, affects his entitlement to immunity in light of the cases cited above. The Court concludes that it is appropriate to allow them to address this issue at this time.

Defendant contends that "[c]o-workers of a federal technician . . . are acting within the scope of their authority when they provide written evaluations of the technician's job performance, and are therefore immune from suit." Memorandum at 7. Assuming, without deciding, that this contention is valid, it is irrelevant to the issue now before the court. We are unable to construe the act of tape recording a conversation as an evaluation of a co-worker. While the information obtained as a result of the taping might be included in an evaluation, we are not convinced at this time that defendant was authorized to obtain this information through possibly tortious means.[5] Furthermore, it would seem that

---

**4.** *Cf. Harlow,* 457 U.S. at 819 n. 34, 102 S.Ct. at 2739 n. 34 ("our decision applies only to suits for civil damages arising from actions within the scope of an official's duties . . . .") (emphasis omitted and added).

**5.** The *Barr* Court recognized that the fact

[t]hat petitioner was not *required* by law or by direction of his superiors to speak out cannot be controlling in the case of an official of policy-making rank, for the same considerations which underlie the recognition of the privilege as to acts done in connection with a mandatory duty apply with equal force to

the discharge of a duty to evaluate a co-worker would not require the exercise of a great deal of discretion in terms of gathering information concerning the co-worker. By contrast, the defendants in the cases cited by the defense were responsible for the completion of tasks which could be approached by a variety of methods. *See, e.g., Evans v. Wright,* 582 F.2d 20, 21 (5th Cir.1978) (defendants were "program integrity specialists" with responsibility for monitoring fraud and abuse in the Medicare program). In cases where little discretion would seem to have been required in order to carry out the activity, the defendants acted in response to the requests or orders of "proper authorities." *See, e.g., Preble v. Johnson,* 275 F.2d 275, 277–78 (10th Cir.1960).

■ In the present case, the record is devoid of any evidence concerning what matters, if any, were committed by law to defendant's control and supervision. *Cf. Barr, supra.* In fact, the deposition testimony quoted in this Order indicates that he had no authority to do what he did. While it is possible that defendant's job description contemplated that he would make surreptitious tape recordings of his co-workers, we are unable to draw this conclusion from the present record. Therefore, we cannot say, as a matter of law, that defendant was within the outer perimeter of his line of duty, or that he was exercising a discretionary function at the time of the conduct complained of. Accordingly, a hearing will be required in this issue.[6]

Normally, the existence of a disputed issue of fact would require the denial of a motion for summary judgment. In this case, however, the importance of the issue of immunity requires that we decide the issue as a threshold matter before allowing the case to proceed further. *See Harlow, supra,* 457 U.S. at 817–18, 102 S.Ct. at 2738–2739; *Czurlanis v. Albanese,* 721 F.2d 98, 108 (3d Cir.1983); *Zweibon v. Mitchell,* 720 F.2d 162, 171 (D.C.Cir.1983).

IT IS, THEREFORE, HEREBY ORDERED that this matter is set for hearing on Monday, May 21, 1984, at 1:30 p.m., in Courtroom No. 1 of the United States Courthouse, 300 Booth Street, Reno, Nevada, for the purpose of receiving evidence on the issue of whether defendant was acting within the "outer perimeter" of his authority, or was exercising a discretionary function, at the time of the conduct complained of herein. Oral argument may be permitted after this evidence is received.

---

discretionary acts at those levels of government where the concept of duty encompasses the sound exercise of discretionary authority. *Id.* 360 U.S. at 575, 79 S.Ct. at 1341 (footnote omitted). At this point, however, there is no evidence that defendant was of "policy-making rank." We attach no significance to his claim that he occasionally acted as a substitute supervisor—a claim that is disputed—since there is no evidence that he was acting in his capacity as a supervisor at the time of the incident in question.

6. While the issue of immunity has been characterized as one of "pure law," *Nixon v. Fitzgerald,* 457 U.S. 731, 743 n. 23, 102 S.Ct. 2690, 2698 n. 23, 73 L.Ed.2d 349 (1982), there are underlying facts which must nevertheless be determined. *See Preble v. Johnson,* 275 F.2d 275, 278 (10th Cir.1960) (Statements may be privileged "if they are *deemed appropriate* to the exercise of the utterer's office or station.") (emphasis added); *Vest v. Waring,* 565 F.Supp. 674, 684–85 & n. 19 (N.D.Ga.1983) (analysis of defendants' scope of authority and job descriptions undertaken by district court). Plaintiff has recognized that this factual issue can be decided by the Court. Memorandum in Opposition to Motion for Summary Judgment at 3.

We note that in *Evans v. Wright,* 582 F.2d 20, 21–22 (5th Cir.1978) the court found that plaintiffs had failed "to raise any issue of fact for submission to the jury on the critical legal issue [i.e., immunity] decisive of this case." However, *Evans* was decided before the *Harlow* Court decided that the immunity issue should be resolved as a "threshold" matter. 457 U.S. at 818, 102 S.Ct. at 2738.

We emphasize that our inquiry is limited to whether defendant was acting within the outer perimeter of his authority. Thus, plaintiff's counsel will have no opportunity "to create a material issue of fact on some element of the defense where subtle questions of constitutional law and a decisionmaker's mental processes are involved." *Harlow v. Fitzgerald,* 457 U.S. at 817, 102 S.Ct. at 2738 (citing *Halperin v. Kissinger,* 606 F.2d 1192, 1214 (D.C.Cir.1979), *aff'd in pertinent part by an equally divided Court,* 452 U.S. 713, 101 S.Ct. 3132, 69 L.Ed.2d 367 (1981).

IT IS FURTHER ORDERED that the parties may conduct discovery for the purpose of obtaining evidence related to the issue described in the preceding paragraph of this Order, and for no other purpose.

IT IS FURTHER ORDERED that any memorandum of law pertaining to the issues described in this Order shall be submitted at least one week prior to the date of the hearing scheduled herein.