Jerry L. ROWE

v.

Marshall C. PIERCE, Bob Arr, Dean Gambill, Douglas B. Livesay and Henry D. Helton.

Civ. No. 3–78–323.

United States District Court, E. D. Tennessee, N. D.

Jan. 2, 1979.

William Terry Denton, Maryville, Tenn., for plaintiff.

John H. Cary, U. S. Atty., Robert E. Simpson, Asst. U. S. Atty., Knoxville, Tenn., for defendants.

## MEMORANDUM

ROBERT L. TAYLOR, District Judge.

This is the latest in a series of cases brought by plaintiff which arise out of events surrounding plaintiff's termination in 1976 from employment as a civilian federal technician pursuant to the National Guard Technicians Act, 32 U.S.C. § 709. This action consists of a state claim of libel against the defendants. The allegedly defamatory statements were contained in letters of reprimand issued to plaintiff by defendant Pierce on May 28, 1975 and June 28, 1975 and in written statements by the remaining defendants attached to the May letter of reprimand.[1] The letters of reprimand and associated statements concerned plaintiff's performance and behavior on the job. This action was filed originally in state court. The defendants removed the case to this Court under 28 U.S.C. § 1442(a)(1).[2] This Court has previously held that these defendants were, at the relevant times, acting as federal employees under color of federal law, in their capacity as technicians, in response to plaintiff's conduct as a technician. *Rowe v. State of Tennessee,* 431 F.Supp. 1257 (E.D.Tenn. 1977). As such, defendants' removal of this case is proper. *See United States v. Penney,* 320 F.Supp. 1396 (D.D.C.1970). Defendants have now filed a motion to dismiss on the grounds, inter alia, that the Court lacks subject matter jurisdiction and that the complaint fails to state a claim upon which relief can be granted. Briefs have been filed by both sides.

---

1. Inexplicably, the letters of reprimand with attachments were not made a part of this file. The same letters have previously been filed with the Court, however, and reference is hereby made to *Rowe v. Pierce,* No. 3–76–204 (E.D. Tenn. Sept. 9, 1977).

2. 28 U.S.C. § 1442(a) provides in part:

A civil action . . . commenced in a State court against any of the following persons may be removed by them to the district court . . . .: (1) any officer of the United States . . . or person acting under him, for any act under color of such office . . . .

The Court is not convinced that this action is in reality a suit against the United States which this Court is without jurisdiction to hear. Unlike the situation in *Bramblett v. Desobry,* 490 F.2d 405 (6th Cir. 1974), *cert. denied,* 419 U.S. 872, 95 S.Ct. 133, 42 L.Ed.2d 111, plaintiff here does not seek reinstatement to a federal position, but instead asks only for damages against the individual defendants. The case must nevertheless be dismissed, however, because the defendants are absolutely immune from a state tort action for the activities alleged in the complaint.

It has long been the rule that officers of the federal government are personally immune from damage suits as long as they act within the scope of their authority, despite the effect of their actions and despite allegations of malice. *Spalding v. Vilas,* 161 U.S. 483, 16 S.Ct. 631, 40 L.Ed. 780 (1896); *Bramblett v. Desobry, supra.* The privilege is applicable when the action at issue is discretionary, and is "within the outer perimeter of [defendant's] line of duty . . . ." *Barr v. Matteo,* 360 U.S. 564, 575, 79 S.Ct. 1335, 1341, 3 L.Ed.2d 1434 (1958). This privilege has been applied in the area of defamation actions based upon the contents of personnel evaluation of federal employees. *See Chafin v. Pratt,* 358 F.2d 349 (5th Cir. 1966), *cert. denied,* 385 U.S. 878, 87 S.Ct. 159, 17 L.Ed.2d 105. Although federal officer immunity has recently been restricted somewhat in its application, *see Butz v. Economou,* 438 U.S. 478, 98 S.Ct. 2894, 57 L.Ed.2d 895 (1978), it retains its full effect in the present context, that of an alleged tort under state law. Id. at 2905. The only issue remaining in this action, therefore, is whether defendants were acting within the "outer perimeter" of their authority at the time of the actions at issue.

There can be no question that defendant Pierce was acting within his authority when he issued the two letters of reprimand. Pierce was plaintiff's military and civilian superior and supervisor. *Rowe v. State of Tennessee,* 431 F.Supp. at 1261. Plaintiff has previously acknowledged Tennessee Air National Guard regulations providing for the issuance of letters of reprimand by supervisors. Id. at 1263. In the context of a state tort action, it is not necessary for this Court to decide whether all required procedures were followed in order to determine that the act of issuing a letter of reprimand was not "manifestly or palpably beyond" Pierce's authority and therefore was an act absolutely privileged. *See Spalding v. Vilas,* 161 U.S. at 498, 16 S.Ct. 631. Insofar as the other defendants are concerned, they were either plaintiff's superiors or co-workers. *Rowe v. State of Tennessee,* 431 F.Supp. at 1261. They did not issue the letters of reprimand, but did provide accompanying written evaluations of plaintiff's performance which are alleged by plaintiff to have contained defamatory statements. In the opinion of the Court, it is a necessary corollary of the power of a supervisor to evaluate an employee's performance, that other supervisors and co-workers be empowered to communicate to the supervisor their views, in either oral or written form, of the employee's behavior and performance. The information contained in defendants' written statements related specifically to plaintiff's behavior and performance on the job. Under these circumstances, the remaining defendants were acting within the scope of their authority, and are immune to this suit.

For the foregoing reasons, it is ORDERED that defendants' motion to dismiss be, and the same hereby is, granted.

Order accordingly.