**Francois BAGWELL**

v.

**Mabel Powell BRANNUM.**

**Civ. A. No. 81–1474.**

United States District Court,
N. D. Georgia,
Atlanta Division.

Feb. 22, 1982.

Steven W. Gardner, Atlanta, Ga., for plaintiff.

Kathie G. McClure, Asst. U.S. Atty., Atlanta, Ga., for defendant.

## ORDER

ORINDA D. EVANS, District Judge.

This action for damages resulting from an alleged assault is before the Court on Defendant's motion for summary judgment, Rule 56, Fed.R.Civ.P., and Plaintiff's motion to remand this case to the Superior Court of Fulton County. 28 U.S.C. § 1447(c).

Plaintiff is a mail clerk for the United States Postal Service. Defendant is also an employee of the USPS. This action was originally filed in the Superior Court of Fulton County but was removed to this Court on Defendant's motion pursuant to 28 U.S.C. § 1442(a)(1). The controversy surrounds an alleged assault which took place at the parties' place of employment on March 9, 1981.

### Motion for Remand

■ Although Defendant's summary judgment motion was filed first, the Court must dispose of this issue before dealing with that motion. Plaintiff's grounds for this motion are that Defendant was not acting as Plaintiff's supervisor at the time of the alleged incident, and therefore cannot be considered to have been acting "under color of such office or on account of any right, title or authority claimed under any Act of Congress" as provided in section 1442(a)(1). Plaintiff also claims that the petition for removal "is in itself insufficient to show the color of office claimed."

■ Plaintiff's argument, which is also the basis of his opposition to Defendant's summary judgment motion, cannot prevail on this point. One of the primary purposes of section 1442(a)(1) is "to have any colorable defense asserted by federal defendants litigated in federal courts." *Utah v. IWY Coordinating Committee*, 454 F.Supp. 518, 520 (D.Utah 1978). Removal pursuant to this provision "is an absolute right and is not dependent upon the discretion of the court." *Malone v. Longo*, 463 F.Supp. 139, 141 (E.D.N.Y.1979); *Willingham v. Morgan*, 395 U.S. 402, 406, 89 S.Ct. 1813, 1815, 23 L.Ed.2d 396 (1969); *See also O'Bryan v. Chandler*, 356 F.Supp. 714, 719 (W.D.Okl. 1973), *aff'd*, 496 F.2d 403 (10th Cir. 1974), *cert. denied*, 419 U.S. 986, 95 S.Ct. 245, 42 L.Ed.2d 194 (1974) ("there is a *right* to assert a *colorable* defense of official immunity in a federal forum") (emphasis in original). It is sufficient that Defendant's allegedly objectionable contact with Plaintiff occurred inside the post office while Plaintiff was performing his official duties "and that the relationship between the parties derived solely from their official duties." *Malone, supra*, 463 F.Supp. at 142. If, as here, the question raised is whether Defendant was engaged in a non-related "frolic" of her own in relation to Plaintiff, then Defendant "should have the opportunity to present [her] version of the facts to a federal, not a state, court." *Willingham, supra*, 395 U.S. at 409, 89 S.Ct. at 1817.

■ Plaintiff's argument regarding the insufficiency of the removal petitions is also without merit. The failure to specifically allege "color of office" in the removal petition does not preclude removal from a state to a federal court. *Pennsylvania v. Newcomer*, 618 F.2d 246, 250 (3d Cir. 1980).

For these reasons Plaintiff's motion to remand is hereby DENIED. The Court now turns to Plaintiff's and Defendant's versions of the facts.

### Motion for Summary Judgment

While Defendant concedes that there is an issue of material fact as to whether she actually struck Plaintiff as he alleges, she argues that summary judgment should be granted in her favor—even if Plaintiff's version of the facts is true—because she has absolute immunity from liability for assault and battery under the Supreme Court's holding in *Barr v. Matteo*, 360 U.S. 564, 79 S.Ct. 1335, 3 L.Ed.2d 1434 (1959). The basis for this argument is that, even if the as-

sault took place, it "occurred within and arose from her duties as plaintiff's supervisor."

Plaintiff's argument in response is that "at the time all [sic] previous to, during, and after the time of the incident alleged, the Defendant occupied the position of clerk and not supervisor." Therefore, he asserts, because Defendant had no supervisory or disciplinary power over him, her alleged actions cannot be viewed as having been within the scope of her duties so as to cloak her with immunity. Implicit in Plaintiff's response, although certainly not set out anywhere in his brief, is the argument that even if Defendant was Plaintiff's supervisor at a relevant point and time, the alleged assault and battery were still beyond the scope of her duties, and therefore she cannot be protected by immunity.

■ Even viewing all of the evidence in the light most favorable to Plaintiff, *Erco Industries, Ltd. v. Seaboard Coast Line R.R.*, 644 F.2d 424 (5th Cir. 1981), it is absurd to argue that Defendant was never in the position of Plaintiff's acting supervisor. Plaintiff himself, Plaintiff's Deposition at 65, and Plaintiff's own witness, Robert Milner, stated in their depositions that Defendant had acted as supervisor over the pay station at which the three individuals worked. Milner Deposition at 17.[1]

There is also no dispute that Defendant issued an official warning letter to Plaintiff on January 12, 1981, citing him for failure to remain gainfully employed and failure to follow instructions. Defendant's Exhibit 3 to Plaintiff's Deposition. Plaintiff acknowledged receiving this letter even though he refused to sign it. Plaintiff's Deposition at 65.

It is undisputed that on March 7, 1981, Plaintiff received a notice that he was suspended without pay for seven days for failure to follow instructions. Plaintiff's Deposition at 66; Defendant's Exhibit 5 thereto.

This letter cited the aforementioned letter from Defendant as one of the reasons for suspending Plaintiff.

On March 9, 1981, the day the alleged assault took place, Plaintiff testified that he approached Defendant and said, "I want to thank you, Mabel, for giving this warning letter to be able to get this suspension.... If it hadn't been for you, I wouldn't be going into the street." Plaintiff's Deposition at 73. It was at this point Plaintiff alleges Defendant hit him with the mail tray. Id. at 75. Defendant denies hitting Plaintiff.

■ It is clear that under *Barr v. Matteo*, *supra*, and its progeny Defendant is entitled to summary judgment if the Court finds she was exercising discretion and acting within the "outer perimeters of [her] official duties," *Evans v. Wright*, 582 F.2d 20, 22 (5th Cir. 1978), because she would then have absolute immunity for any alleged tortious act she committed.

· It should be noted that the Fifth Circuit has stated that "Defendants' actions involving ... discipline of a federal employee are of a nature which most obviously should be committed to their discretion without fear of vexatious suits for personal liability." *Chafin v. Pratt*, 358 F.2d 349, 353 (5th Cir. 1966), *cert. denied*, 385 U.S. 878, 87 S.Ct. 159, 17 L.Ed.2d 105 (1966). Plaintiff clearly admits that he initiated the conversation with Defendant which allegedly resulted in the assault and battery by "thanking" her for filing the warning letter against him which was a partial basis for his suspension. Indeed, he admits he "confronted" her. Plaintiff's Deposition at 92. It is without question that the filing of that letter was within the outer perimeter of Defendant's duties and responsibilities—either as a supervisor or a co-worker—to assure that proper discipline was maintained at her pay station.

1. It is questionable whether the fact that Defendant was acting as a supervisor is even relevant to consideration of this motion. *See Rowe v. Pierce*, 467 F.Supp. 14 (E.D.Tenn.1979) (co-workers, as opposed to supervisors, were protected by immunity from liability for allegedly defamatory statements in written evaluations of plaintiff's performance where co-workers were acting within the scope of their authority).

Having found this, the Court agrees with Defendant that this case is clearly governed by *Gleason v. Cullen*, No. C78–737A (N.D.Ga. August 27, 1979) (Edenfield, J.). In that case the plaintiff brought an assault and battery action against her supervisor for allegedly grabbing her arm and pushing her into a chair. The court found that there was no genuine issue of material fact as to whether the defendant was acting within the scope of his official duties, and therefore granted summary judgment for defendant.

There, as here, the alleged assault and battery "occurred in connection with an altercation between the parties arising out of the performance of their duties as federal employees." The Court's decision was in accord with the broad manner in which the *Barr* decision has been interpreted. For instance, in *Norton v. McShane*, 332 F.2d 855 (5th Cir. 1964), *cert. denied*, 380 U.S. 981, 85 S.Ct. 1345, 14 L.Ed.2d 274 (1965), the court held that certain police officers had immunity for, *inter alia*, an assault and battery charge raised against them in connection with an arrest. In discussing the standard for determining immunity the court stated that the acts complained of "must have more or less connection with the general matters committed by law to the officer's control or supervision, and not be manifestly or palpably beyond his authority," *id.* at 859, and further that the acts must be pursuant to "a decision which it is necessary, that these officers be free to make without fear or threat of vexatious or fictitious suits and alleged personal liability." *Id.* at 862.[2]

The Court finds that this case certainly falls within the parameters discussed above.

Therefore, there is no genuine issue of material fact regarding Defendant's immunity from suit, and she is entitled to and is hereby GRANTED summary judgment.[3]

In summary, Plaintiff's motion to remand is DENIED and Defendant's motion for summary judgment is GRANTED.

---

**2.** The Court notes that this suit could fall into the "vexatious and fictitious" category. Plaintiff testified that he did not speak to Richard Dean of the U. S. Attorney's office (with whom he had spoken earlier regarding other unrelated problems) or to anyone at the district office (presumably of the Postal Service) regarding this alleged incident because he did not want to "bother" them with something that "was too petty." Plaintiff's Deposition at 53.

**3.** The Court also notes that Defendant may have been entitled to summary judgment on a

point she did not raise in her motion, but which was brought out at Plaintiff's deposition. The Complaint alleges that Defendant "struck the plaintiff upon his face" with a mail tray. ¶ 3. At his deposition Plaintiff changed his story and alleged that he was struck by Plaintiff in the chest, not in the face. Plaintiff's Deposition at 87. However, there is no such allegation in the Complaint. Therefore, the allegation in the Complaint is contradicted by Plaintiff's own testimony.