**John W. BLATCHFORD and Susan M. Blatchford, his wife, Plaintiffs,**

**v.**

**Thomas GUERRA, Defendant.**

**No. 82–6256–CIV–EPS.**

United States District Court,
S. D. Florida.

Sept. 3, 1982.

Stover, Stoker, Medlin & Hmielewski, Ft. Lauderdale, Fla., for plaintiff.

Marc Fagelson, Asst. U. S. Atty., Miami, Fla., for defendant.

SPELLMAN, District Judge.

THIS CAUSE came before the Court on Defendant's Motion to Dismiss, based on a claim of sovereign immunity, an action for battery filed by a government employee against his supervisor.

ORDERED AND ADJUDGED that the Motion to Dismiss is GRANTED.

For the purposes of a motion to dismiss for failure to state a claim upon which relief can be granted, the allegations of the complaint must be viewed in the light most favorable to the plaintiff. *Erco Industries,*

*Ltd. v. Seaboard Coast Line R.R.,* 644 F.2d 424 (5th Cir. 1981).

The complaint alleges the following facts. Guerra was Blatchford's supervisor at the Plantation Branch, Florida, Post Office. Guerra assigned Blatchford to a mail route that Blatchford believed would require overtime work. Such overtime must be approved in advance by a supervisor. When Blatchford requested Guerra's approval of overtime, Guerra became "upset." Guerra abused Blatchford verbally and ultimately struck him in the face with his open hand.

There has been no waiver of sovereign immunity by the United States in regard to the torts of assault and battery. *Barr v. Matteo,* 360 U.S. 564, 79 S.Ct. 1335, 3 L.Ed.2d 1434 (1954).

The Court finds that the facts, as alleged, when considered in light of the body of case law that has arisen regarding this issue, require an order of dismissal for failure to state a cognizable claim. *See Barr v. Matteo,* 360 U.S. 564, 79 S.Ct. 1335, 3 L.Ed.2d 1434 (1954); *Evans v. Wright,* 582 F.2d 20 (5th Cir. 1978); *Bagwell v. Brannum,* 533 F.Supp. 362 (N.D.Ga.1982); *Chafin v. Pratt,* 358 F.2d 349 (5th Cir. 1966); *Norton v. McShane,* 332 F.2d 855 (5th Cir. 1964).

This Court finds that Guerra's actions occurred within the scope of his employment, albeit on the extreme edge of the "outer perimeter" mentioned in *Evans, supra,* at 22, and *Bagwell, supra,* at 364.

It does indeed go without saying that an official, who is in fact guilty of using his powers to vent his spleen upon others, or for any other personal motive not connected with the public good, should not escape liability for the injuries he may so cause; and, if it were possible in practice to confine such complaints to the guilty, it would be monstrous to deny recovery. The justification for doing so is that it is impossible to know whether the claim is well founded until the case has been tried, and that to submit all officials, the innocent as well as the guilty, to the burden of a trial and to the inevitable danger of its outcome, would dampen the ardor of all but the most resolute, or the most irresponsible, in the unflinching discharge of their duties. Again and again the public interest calls for action which may turn out to be founded on a mistake, in the face of which an official may later find himself hard put to it to satisfy a jury of his good faith. There must indeed be a means of punishing public officers who have been truant to their duties; but that is quite another matter from exposing such as have been honestly mistaken to suit by anyone who has suffered from their errors. As is so often the case, the answer must be found in a balance between the evils inevitable in either alternative. In this instance it has been thought in the end better to leave unredressed the wrongs done by dishonest officers than to subject those who try to do their duty to the constant dread of retaliation....

The decisions have, indeed, always imposed as a limitation upon the immunity that the official's act must have been within the scope of his powers; and it can be argued that official powers, since they exist only for the public good, never cover occasions where the public good is not their aim, and hence that to exercise a power dishonestly is necessarily to overstep its bounds. A moment's reflection shows, however, that that cannot be the meaning of the limitation without defeating the whole doctrine. What is meant by saying that the officer must be acting within his power cannot be more than that the occasion must be such as would have justified the act, if he had been using his power for any of the purposes on whose account it was vested in him....

*Gregoire v. Biddle,* 177 F.2d 579, 581 (2d Cir. 1949) (Hand, J.).

With these words of Judge Learned Hand in mind, this Court reluctantly dismisses the claim of John Blatchford and his wife.