COLE, Judge.
The issue before us is whether or not the court erred in granting a summary judgment in this tort suit.
We conclude it did and, therefore, reverse.
Plaintiff, Lois E. Fort, was employed by the United States Postal Service and defendant, Louis M. Atkins, was her immediate supervisor. On May 2, 1981 an incident occurred wherein Mr. Atkins allegedly assaulted and injured Ms. Fort at the main branch of the post office in Baton Rouge. She filed suit for the damages sustained in the incident. Mr. Atkins, represented by private counsel, answered the suit by a general denial and the matter proceeded toward trial. The pretrial order indicated the main issue was whether defendant actually grabbed plaintiffs neck and exerted pressure as alleged, or simply “... touched [her neck] in an effort to get her attention.” The matter was set for trial on January 18, 1983. On December 14, 1982 the United States Attorney enrolled as co-counsel, alleging the incident occurred while Mr. Atkins, a federal employee, was within the scope of his employment. On January 10, 1983, a motion for summary judgment was filed wherein defendant urged that because the incident arose from his federal employment, he was immune from suit. The trial court heard the matter and granted the summary judgment.
In reasons for judgment the court expressed some doubt about the equity of a federal employee being immune in a state action involving an intentional tort. Nevertheless, the court recognized the “governmental immunity” as set forth in Barr v. Matteo, 360 U.S. 564, 79 S.Ct. 1335, 3 L.Ed.2d 1434 (1959).[1] Noting that the *365 plaintiff had also filed a complaint with the Equal Employment Opportunity Commission, the court stated it also based its decision to grant the summary judgment on 42 U.S.C. § 2000e-16 (c)[2] and Brown v. General Services Administration, 425 U.S. 820, 96 S.Ct. 1961, 48 L.Ed.2d 402 (1976). The court stated Brown stood for the proposition that a plaintiff who has filed a complaint with the E.E.O.C. must exhaust those administrative remedies before filing a civil suit.
First, we note the trial court misstated the holding of Brown. The holding is more accurately stated as follows: A federal employee is entitled to file a civil suit claiming discrimination, but in doing so must follow the procedure as set forth in the Civil Rights Act, particularly § 717(c). The Act is the exclusive judicial remedy for federal discrimination complaints so that an individual who does not comply with the act (as to time limits for filing suit, for example) will have no right to pursue the discrimination claim in the federal courts.
We note however, the gist of the Brown holding is that the Civil Rights Act provides the exclusive judicial remedy for discrimination claims. The court did not state that the filing of a discrimination claim in any way affects the filing of a tort suit arising from the same incident. The two suits deal with entirely different matters. Therefore, we conclude the E.E.O.C. complaint has no bearing whatsoever on the present tort suit.
The only question then, in determining the propriety of the trial court’s actions, is whether there was any genuine issue of material fact.
A motion for summary judgment shall be rendered “... if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to material fact, and that mover is entitled to judgment as a matter of law.” La.Code Civ.P. art. 966.
The crucial issue in this case is whether Mr. Atkins was acting in his official capacity at the time of the incident and could therefore invoke the “official immunity” doctrine. We conclude the affidavits in the record establish there is an issue of fact concerning this matter; therefore, summary judgment was inappropriate.
The petition and answer do not address the issue of whether or not Mr. Atkins was acting in his official capacity at the tirpe of the incident. Attached to the motion for summary judgment were affidavits of Louis Atkins and Quentin T.' Ellis. Mr. Atkins attested that on the date of the incident he was Lois Fort’s immediate supervisor and that his actions on that date arose solely out of his official duties. Mr. Ellis attested he was Mr. Atkins’ supervisor and tour superintendent at the United States Post Office. He stated that Mr. Atkins, as Lois Fort’s supervisor, had the authority to discipline her for misconduct.
Lois Fort stated by affidavit Mr. Atkins physically attacked and injured her and that he was not performing any official duty. Signed statements filed in connection with the E.E.O.C. investigation were also submitted. In one statement, Robert Wilfong, the “SCO Manager/Postmaster” stated he considered Mr. Atkins’ action to be improper.
The motion for summary judgment should be granted only when reasonable minds must inevitably conclude that mover is entitled to judgment as a matter of law. Bartlett v. Calhoun, 430 So.2d 1358 (La.App.3d Cir.1983), writ denied, 438 *366 So.2d 575 (La.1983). It should be used cautiously and sparingly and any reasonable doubt should be resolved against mover and in favor of full trial on merits. Riviere v. Bethard, 422 So.2d 1341 (La.App.3d Cir.1982).
The conflicting affidavits convince us there is an issue of material fact to be determined, i.e., whether or not Mr. Atkins was acting in his official capacity when the incident occurred.
Summary judgment is inappropriate, therefore, we reverse.
REVERSED.

. The defendants in Barr held executive positions in a federal agency and the tort alleged was that of libel. However, the immunity has also been recognized as applying to nonexecu-tives, such as postal workers, for the intentional tort of assault. See, Blatchford v. Guerra, 548 *365 F.Supp. 406 (S.D.Fla.1982) and Bagwell v. Brannum, 533 F.Supp. 362 (N.D.Ga.1982).

. § 2000e-16 is found in Title 42 ("The Public Health and Welfare"), Chapter 21 ("Civil Rights”) of the United States Code. It states, in part, that "All personnel actions affecting employees ... in the United States Postal Service ... shall be made free from any discrimination based on race, color, religion, sex, or national origin.” Subsection (c), cited by the trial court, grants a complaining employee the right to file a civil action against the head of the appropriate agency within a certain time period following action by the appropriate agency or the Equal Employment Opportunity Commission.