COVINGTON, Chief Judge.
This action involves a claim for personal injuries and damages arising out of an incident on May 30, 1982, when plaintiff, Thomas S. Kenney, was injured while pre-flighting a 1966 Cessna 150 aircraft owned by him. Plaintiff had purchased the aircraft in May, 1981, from Louisiana Aircraft, Inc. At the time of the purchase, he was given two keys with which to operate the plane. On May 30,1982, desiring to fly his aircraft, he went to the Baton Rouge Metro Airport and commenced what he considered to be the standard and customary pre-flight procedure prior to taking off. During manual rotation of the propeller of the airplane, the engine fired, causing the propeller to strike him in the head, resulting in injury. Plaintiff alleges as a basis of a cause of action against Cessna Aircraft Company, Louisiana Aircraft, Inc., Bendix Corporation and United States Aviation Underwriters, that the key lock tumbler mechanism and key which he obtained when purchasing the aircraft from Louisiana Aircraft, Inc. was defective in that the key could be removed from the switch while the switch was out of the “off” position. He alleges that, because of this defect, the engine was “hot,” and when he turned the *667 propeller the engine fired, causing the propeller to strike him in the head. As a consequence of the action filed by plaintiff, Bendix Corporation and United States Aviation Underwriters filed their answer, and then filed a third party action against All Lock Company, Inc. and its predecessor corporation (which was purchased by All Lock in 1974). All Lock moved for summary judgment, seeking dismissal of the third party claim, on the grounds that Bendix and United States Aviation Underwriters could not show that Bendix or Cessna purchased the particular key lock assembly, i.e., the tumbler and key set in question, from All Lock since All Lock had not purchased the manufacturing process until 1974. The Court, after hearing argument, granted the motion for summary judgment in favor of All Lock, and dismissed the third party demand filed by Bendix and United States Aviation Underwriters. It is from the granting of this motion for summary judgment that this appeal was taken. We reverse and remand.
A motion for summary judgment should be granted if, and only if, the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to material fact and that the mover is entitled to judgment as a matter of law. La.C.C.P. art. 966.
The mover has the burden of establishing the absence of material fact issues, and any doubt as to the existence of such fact issues is to be resolved against granting the motion. Fort v. Atkins, 452 So.2d 363 (La.App. 1 Cir.1984).
To satisfy its burden, the mover must meet a strict standard by showing that it is quite clear as to what the truth is, and that there exists no real doubt as to the existence of any genuine issue of material fact. Vermilion Corporation v. Vaughn, 397 So.2d 490 (La.1981). The papers supporting the position of the mover are to be closely scrutinized, while the opposing papers are to be indulgently treated, in determining whether the mover has satisfied its burden. Any inferences to be drawn from the underlying facts contained in the materials before the court are to be viewed in a light most favorable to the opponent. Watson v. Cook, 427 So.2d 1312 (La.App. 2 Cir.1983).
Summary judgment is not a substitute for trial. It is not the function of the trial court to consider the merits of the issues raised. It is also not the function of the trial court to make credibility evaluations or weigh conflicting evidence. Dette v. Covington Motors, Inc., 426 So.2d 718 (La.App. 1 Cir.1983).
Furthermore, summary judgment should be granted only when reasonable minds must inevitably conclude that the mover is entitled to judgment as a matter of law. Big S Trucking Company, Inc. v. Gervais Favrot, Inc., 450 So.2d 369. (La.App. 1 Cir.1983).
A reading of the affidavits and supporting documents submitted convinces us that the trial court erred in granting the motion for summary judgment. The case is not in a posture for summary judgment. There are genuine issues of material facts. There are factual questions concerning the identity of the manufacturer of the key lock tumbler mechanism and key which was in this particular aircraft. There is also a factual issue as to whether the key and/or the tumbler mechanism were defective.
Under La.C.C.P. art. 966, it is only where there is no genuine issue of material fact that the mover is entitled to judgment as a matter of law that the motion for summary judgment can be granted. Morgan v. Matlack, Inc., 342 So.2d 167 (La.1977). The summary judgment granted by the district court in favor of All Lock, third party defendant, is reversed. There is a genuine issue as to material facts presented in this case.
The judgment appealed is reversed and the case is remanded for trial on the merits. The costs of this appeal are to be paid by All Lock, third party defendant-appellee. All other costs are to await final determination of the case.
REVERSED AND REMANDED.