Phillip D. MILLER and Sandra D. Miller, Plaintiffs,

v.

WEITZER PANACHE LTD., et al., Defendants.

No. 88–1689–CIV.

United States District Court, S.D. Florida.

Nov. 14, 1990.

Phillip Miller, Miami, Fla., for plaintiffs.

Victor K. Rones, Miami Beach, Fla., Bruce J. Beriman, Arnaldo Velez, Miami, Fla., for defendants.

## MEMORANDUM OPINION

SPELLMAN, District Judge.

### OMNIBUS ORDER

This cause comes before the Court upon Magistrate Peter R. Palermo's Report and Recommendation regarding Defendants', J.I. Kislak Mortgage Corporation ("Kislak"), Weitzer Panache Limited ("Weitzer") and Encore Homeowners' Association Incorporated ("Encore"), Motions to Dismiss for Failure to Prosecute, Defendant's, State Title & Guarantee Company Incorporated ("State Title"), Motion for Summary Judgment, Plaintiffs' Motion to Extend Discovery, Defendant, Weitzer Panache's, Motion to Dismiss, and Defendant, Weitzer Panache's Motion for Sanctions. The undersigned held oral argument on the aforementioned matters on October 31, 1990.

### Background

This action arose out of Plaintiffs' purchase of a house from Defendant, Weitzer. Plaintiffs allege in their Amended Complaint that the parties contracted to buy/sell said house on October 7, 1987 and closed on November 16, 1987. Plaintiffs allege that pursuant to the aforementioned contract, Weitzer was to select the lender that Plaintiffs used and that Defendant, Kislak was the selected lender.

Plaintiffs further allege that the seller had an oral or written agreement to refer certain real estate settlement services to Kislak and to certain other providers of real estate settlement services, including Defendants Encore and State Title. Plaintiffs contend that each of the above captioned Defendants gave or accepted and the provider of real estate settlement services accepted or gave, a fee, kickback or thing of value pursuant to an agreement to refer settlement services in connection with a federally related mortgage loan; Plaintiffs argue that said agreements violated Title 12, United States Code, Section 2607. Plaintiffs allege that Defendants failed to

disclose the existence of said referral agreement to Plaintiffs, in contravention of the above statute.

In addition, Plaintiffs allege that Weitzer directly or indirectly required Plaintiffs to use a title insurance company that Weitzer, as the seller, selected as a condition of Plaintiffs purchasing the above referenced house. Plaintiff argues that this requirement violated Title 12, United States Code, Section 2608.

Plaintiffs' third cause of action against Defendants alleges fraud. Plaintiffs contend that Weitzer intentionally, knowingly and wilfully required Plaintiffs to use a title insurer (Defendant, State Title), by requiring Plaintiffs to use a title insurer as closing agent. Plaintiffs further argue that as a direct consequence of the above wilful act, Plaintiffs were deprived of the benefit of the data contained in said title policy which State Title, as closing agent, obtained for Plaintiffs, after the date of closing and resulting transfer of title to said property. Plaintiffs contend that as result of the foregoing wilful acts of Defendants Weitzer and State Title, the facts of clouds, defects or encumbrances on said property, as would have been timely revealed to Plaintiffs before transfer of title, were willfully, knowingly and intentionally concealed from Plaintiffs until after title was transferred.

In Plaintiffs' final cause of action against Defendants, Plaintiffs argue that by purporting to sell Plaintiffs' title to the house under a warranty deed, Defendants acted in concert to sell Plaintiffs' property that contained substantial defects or clouds on title, and restrictive covenants, using a title policy that failed to disclose such defects or covenants materially affecting Plaintiffs' title. Consequently, Plaintiffs allege that they failed to receive the title bargained for, and Weitzer and Encore, acting in concert with Kislak and State Title, were therefore able to convert to themselves substantial rights and interests and control over the house.

Plaintiffs filed this action over two years ago. On August 29, 1990, Defendant, Kislak, moved to dismiss this action for failure to prosecute. Defendants Weitzer and Encore subsequently joined in Kislak's Motion to Dismiss. In said Motion, Kislak alleges that in the more than two years that this case has been pending, Plaintiffs have done nothing to prosecute this case. Initially, Plaintiffs, in violation of Rule 4(j), waited more than 200 days to serve the Complaint upon Defendants. Moreover, Kislak argues that Plaintiffs have filed no motions other than motions for extension of time and have initiated absolutely no discovery. Kislak maintains that Plaintiffs blatantly ignored three direct court orders and violated Rule 10 several times.

Finally, Kislak argues that on October 25, 1989, Defendant, Weitzer served a request for production of documents on Plaintiffs. Months later, Plaintiffs had still not produced the documents. Weitzer moved to compel production. Plaintiffs did not timely respond to the motion in contravention of Local Rule 10(C). On June 6, 1990, Magistrate Palermo ordered Plaintiffs to produce the documents within 15 days. Once again, Plaintiffs did not comply with the court's order. Kislak argues that Plaintiffs' outrageous breach of their duty to prosecute this action, and their dilatory conduct and disregard of this Court's rules and orders, justify dismissal of this cause with prejudice.

The Magistrate agreed with Defendants. Magistrate Palermo noted that in the two years this action has been pending, Plaintiffs have yet to complete any discovery—the last discovery deadline expired on December 12, 1989. Significantly, the Magistrate failed to rule on Plaintiffs' Motion to Extend Discovery of December 12, 1989. Also significant is the fact that by the time that the Magistrate recommended dismissal, Defendants had received all discovery that they requested from Plaintiffs.

Furthermore, the Magistrate recommends the dismissal of the action on the merits as to State Title. Defendant, State Title, mistakenly gave Plaintiffs various credits in the sale of the residence at issue. State Title subsequently filed a suit against Plaintiffs in Dade County Court. State

Title became the prevailing party as a result of that action.

After judgment was issued on August 31, 1988, Plaintiffs, through a Motion for a New Trial, attacked said judgment alleging that it was in violation of the Real Estate Settlement Procedures Act ("RESPA"), Title 12, United States Code, Section 2601 *et seq.* On December 26, 1989, the Court denied this Motion. While awaiting the outcome of this Motion, Plaintiffs had filed this action in federal court on September 12, 1988. The County Court Judge vacated the Order denying the Motion for a New Trial on January 18, 1990. At oral argument the parties informed this Court that said Motion was subsequently denied and is now pending before the Third District Court of Appeals.

The Magistrate in his Report and Recommendation found in favor of Defendants. The Magistrate reasoned that the claims in the instant action arose from the same operative facts and, therefore, should have been raised as counterclaims or defenses to the state court action. In addition, the Magistrate argued that there is authority for the proposition that any issues that have been litigated at the state court level are *res judicata* for purposes of the current federal action. Magistrate Palermo reasoned that this is especially true should Plaintiffs' pending Motion for a New Trial be granted by the state court.

### Discussion
Magistrate's Report and Recommendation
*Defendants' Motion to Dismiss for Lack of Prosecution and Motion for Sanctions*

█ The undersigned rejects Magistrate Palermo's findings in the report and recommendation. With regard to Defendants' Motions to Dismiss, this Court finds that the instant action should not be dismissed for lack of prosecution. Initially, Dismissal in the instant action would be tantamount to dismissal with prejudice inasmuch as the statute of limitations has run with respect to the instant causes of action.

Moreover, the state of discovery in this action militates against dismissal for several reasons. First, the Magistrate never ruled on Plaintiffs' Motions to Extend Discovery. Additionally, Defendants' Motions to Compel Discovery were not filed until after Plaintiffs instituted the Motion to Extend Discovery. Finally, Plaintiffs had complied with all of Defendants' discovery requests before the Magistrate issued his Report and Recommendation.

Furthermore, the Motions to Dismiss for Failure to Prosecute that the Magistrate ruled on were historic in nature—grounds for Plaintiffs' failure to prosecute were for improprieties that had occurred, but which were cured by the time Magistrate Palermo ruled on these matters. To the extent the Motions to Prosecute directed themselves to Plaintiffs' failure to discover, these arguments do not support dismissal. Initially, the Magistrate failed to rule on Plaintiffs' Motion to Extend Discovery. Furthermore, Plaintiffs are not required to discover; their failure to do so was at their own peril. Finally, the only Order the Magistrate issued upon Plaintiffs was an Order to Show Cause explaining why a Motion to Dismiss that Plaintiffs did not respond to should not be granted. By the time this matter was before the Magistrate, Plaintiffs had responded to that Motion to Dismiss.

The Magistrate's perception of this entire matter was gleaned as a result of Plaintiffs' misconduct in prosecuting the instant case. Even given this knowledge, the undersigned is unwilling to impose monetary sanctions. Although there is considerable evidence indicating that Magistrate Palermo may have orally admonished Mr. Miller to conduct himself more conscientiously, there was no court order compelling Mr. Miller to proceed differently. Accordingly, the Magistrate's Report and Recommendation is REJECTED and Defendants' Motions to Dismiss for Failure to Prosecute and Motion for Sanctions are DENIED.

### State Title's Motion for Summary Judgment
█ Although the Report and Recommendation discusses the application of *res judicata* and collateral estoppel, this dis-

cussion is only germane to the resolution of Defendant, State Title's, Motion for Summary Judgment. These concepts are relevant to the extent that the assertion of claims made in the Amended Complaint in this Court constitute compulsory counterclaims that should have been filed in a state proceeding brought by State Title for overpayment of certain money to Plaintiffs at the time of closing. These doctrines otherwise have no application to the instant action.

Rule 7.100 of the Small Claims Rules provide:

> (a) Compulsory Counterclaim. Any claim of the defendant against the plaintiff, arising out of the same transaction or occurrence which is the subject matter of plaintiff's claim, shall be filed not less than five days prior to the appearance date or within such time as the court designates it, or it is deemed to be abandoned.

The language of the Small Claims Rule substantially mirrors that contained in Rule 13, Federal Rules of Civil Procedure, and places an affirmative duty on a defendant to raise whatever claims he has arising out of a transaction or occurrence on which he is sued.

State Title argues that Plaintiffs' RESPA counterclaim is compulsory. Consequently, State Title argues that Plaintiffs were required to assert the counterclaim and, having failed to, or lost in such effort in the prior proceeding, the claim is now barred. The undersigned is not persuaded by State Title's arguments. The issue of whether a RESPA claim is a compulsory counterclaim to action for overpayment of fees at closing is an issue of first impression before this Court. The undersigned searches for an adequate analogy to illuminate the relationship between these claims.

In *Spartan Grain & Mill Company v. Ayers*, the United States Court of Appeals for the Fifth Circuit found a Truth-in-Lending Act counterclaim involving interest rate disclosures a permissive, not compulsory, counterclaim to a suit for producers' liability on their accounts. *Spartan Grain & Mill Company v. Ayers*, 581 F.2d 419, 430 (5th Cir.1978).[1] The Fifth Circuit in *Spartan Grain* stated "[a]lthough it arises from the contract transaction, the Truth-in-Lending Act claim involves entirely separate questions of law and fact from those dealing with the producers' liability on their accounts." *Id.*

This Court believes that the approach adopted by the Fifth Circuit is applicable to the case at bar. Although both State Title's action for overpayment of fees and the Millers' claim for violation of RESPA arise from the sale of the house from Weitzer Panache to the Millers, this fact alone is insufficient to warrant a finding that the Plaintiffs' claim was a compulsory counterclaim in the prior state court action—the two issues involve entirely separate questions of law and fact. Accordingly, State Title's Motion for Summary Judgment is DENIED.

## *Weitzer Panache's Motion to Dismiss*

 Under the liberal pleading requirements of the Federal Rules of Civil Procedure, a pleading need only contain "a short and plain statement of the claim showing that the pleader is entitled to relief...." Fed.R.Civ.P., R. 8(a)(2). When ruling on a motion to dismiss for failure to state a claim upon which relief can be granted, a court must accept all allegations as true, *Johnson v. Wells*, 566 F.2d 1016, 1017 (5th Cir.1978), and view such allegations in the light most favorable to the plaintiff. *Blatchford v. Guerra*, 548 F.Supp. 406 (S.D.Fla.1982). A complaint should not be dismissed unless it appears beyond a reasonable doubt that the plaintiff can prove no set of facts in support of their claim. *Conley v. Gibson*, 355 U.S. 41, 46, 78 S.Ct. 99, 102, 2 L.Ed.2d 80 (1957).

 Defendant, Weitzer Panache, argues that Plaintiffs failed to plead the requisite allegations to prove a cause of action under Title 12, United States Code, Sec-

---

**1.** In *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir.1981) (en banc), the Eleventh Circuit adopted as binding precedent all decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

tions 2607 and 2608 in Plaintiffs' Amended Complaint. The undersigned disagrees. Plaintiffs have clearly satisfied the liberal pleading requirements enumerated in the Federal Rules.

 Moreover, Weitzer contends that Plaintiffs failed to allege fraud with sufficient specificity as required by Federal Rules of Civil Procedure, Rule 9. The undersigned rejects Defendant's arguments in this regard and finds that Plaintiffs pleaded fraud with the requisite specificity. Similarly, the undersigned is not persuaded by Weitzer's allegation that Plaintiffs did not sufficiently plead a cause of action for conversion. Finally, this Court finds that it has sufficient jurisdiction over the instant action pursuant to Title 28, United States Code, Section 1331. Accordingly, Weitzer Panache's Motion to Dismiss is DENIED.

*Plaintiffs' Motion to Extend Discovery*

In addition, Plaintiffs moved to extend discovery in December, 1989. Issued simultaneous to the instant Order is an Order setting this case for trial on the April, 1991 trial calendar. Pursuant to said Order, all discovery must be completed sixty days before the March 21, 1991, pretrial conference. Consequently, all discovery must be completed by January 22, 1991. Accordingly, Plaintiffs' Motion to Extend Discovery is GRANTED.

The parties should note parenthetically that this Court will grant no future extensions of time for any matter in this action and that the parties shall comply with all Orders of this Court. Although this Court differs with the Magistrate's Recommendation, it does not alter the undersigned's opinion that heretofore, this matter has been handled most unprofessionally. Any future misconduct by Mr. Miller will be dealt with severely by monetary sanctions and dismissal, even though said dismissal would effectively be with prejudice. Plaintiffs must govern themselves accordingly.

Finally, it is the opinion of this Court that at this point in time, the instant matter would be better handled directly by this Court, rather than placing any additional responsibility on the Magistrate. Thus, the Order of Referral to Magistrate Peter R. Palermo is VACATED. Accordingly, it is hereby

ORDERED AND ADJUDGED that:

1) The Magistrate's Report and Recommendation is REJECTED. Consequently, Defendants' Motions to Dismiss for Lack of Prosecution and State Title's Motion for Summary Judgment are DENIED;

2) Defendant's, Weitzer, Motion for Sanctions is DENIED;

3) Defendant, Weitzer, Motion to Dismiss is DENIED;

4) Plaintiffs' Motion to Extend Discovery is GRANTED; and

5) This Court's Order of Referral to Magistrate Palermo is VACATED.

DONE AND ORDERED.